(117 App. Div. 196)

### PEOPLE v. KLEIN.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

LARCENY—EVIDENCE—SUFFICIENCY.

On a prosecution for larceny from the person, evidence *held* sufficient to sustain a conviction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Larceny, §§ 164, 167, 168.]

McLaughlin, J., dissenting.

Appeal from Court of General Sessions, New York County.

Joseph Klein was convicted of grand larceny, and he appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, HOUGHTON, and LAMBERT, JJ.

Joseph R. Heinzelman, for appellant.
Robert S. Johnstone, for respondent.

LAMBERT, J. The appellant was indicted, with one Abraham Cohen, in the Court of General Sessions, charged with the crime of grand larceny in the second degree.· They were both convicted; the defendant Klein alone appealing.

It is urged on the part of the appellant that the learned court erred in submitting the case against Klein to the jury, and, while it must be admitted that the evidence was not as conclusive as might be desired in a case of this character, we are of opinion that it was not error to submit the question of guilt, and that the evidence is sufficient to support the judgment of conviction. The evidence shows that one Antoinette Bally, the complaining witness, was upon one of the public highways of the city on the 16th day of July, 1906, watching a parade to celebrate an Italian holiday. The defendant Cohen approached her, put his hand into her purse, and extracted a $5 bill, and was arrested by Policeman Benane while engaged in the act. Simultaneously the defendant Klein, who was immediately behind the complaining witness, and within two feet.of her, was arrested by Officer De Guida. Cohen was convicted, and does not appeal. Officer Benane testifies that he was on duty on 115th street, near Second avenue, with Officer De Guida, when they saw the defendants Cohen and Klein standing there and acting in a suspicious manner; that these officers watched the two for about 10 minutes; that the complaining witness and two or

three other women passed along, and that the witness saw Cohen follow the women, and "the big one [Klein] right after him"; that the officers crossed the street, and the witness saw Cohen with his hand in the woman's bag, and grabbed him, the latter dropping a $5 bill, which was recognized as belonging to the complaining witness. The defendants had been talking together, were walking in the opposite direction and talking, and Cohen turned to go in the opposite direction and Klein followed him, and was immediately back of and in supporting distance of Cohen when the latter opened the purse and took the money, and while it is true that Cohen denied knowing the defendant Klein the credibility of his evidence, in view of the conceded facts, was one for the jury. Klein is not shown to have raised his hand or to have done any physical act in consummation of the crime, but he was in a position to do so. His act in following the defendant Cohen, talking with him up to the very moment of the crime, and the fact that he had changed his course apparently for the very purpose of being at hand, in connection with the other circumstances, is sufficient to support the verdict in this case.

We do not find error in the charge. The trial court has a right to discuss temperately the conditions which are of common knowledge in relation to the commission of crime for the purpose of impressing a duty upon the jury, and we are of opinion that the court was well within its discretionary powers in the language used in the charge, to which no exception was taken. It is true, or course, in a criminal case, this court is not necessarily limited to the consideration of exceptions, but where there is a misstatement of the law, and the question goes merely to the discussion of the court, it will rarely avail to overrule a judgment of conviction, certainly not where the charge is criticised for no other defect than that of calling attention to abuses well known to exist, and which it is the policy of the law to prevent so far as possible by the administration of justice.

The judgment should be affirmed.

INGRAHAM and HOUGHTON, JJ., concur.

PATTERSON, P. J., concurs in result.

McLAUGHLIN, J. (dissenting). I dissent. The only evidence in this case to connect the appellant Klein with the crime charged, or by which an intention to participate in the larceny may be shown, is to the effect that Klein was first seen to walk in an easterly direction along 115th street, about 20 feet from the corner, stop and retrace his steps; that he was then accosted by defendant Cohen, and the two talked together for 10 minutes; that Antoinette Bally passed, accompanied by two or three other women, "pushed on one side and the other side" by the crowd there gathered to witness the Italian festival then in progress; that Cohen followed the woman, with appellant Klein "right after him"; that Cohen was seen to put his hand in the woman's handbag, and, being seized by witness Bonanno, drop the $5 bill; that at this time appellant Klein was two feet back of them in the crowd. The woman, who testified that she was walking in a "big crowd,"

made no charge against defendants, having been unconscious of the attempted theft until the boys were arrested, and it affirmatively appears that Klein was seen to do no act of participation in the crime.

I am of the opinion that evidence of Klein's presence in the neighborhood of the scene of the crime, in a crowd, any member of which might have been similarly accused had Cohen been seen to have previously addressed him, following a conversation of another's seeking, was not sufficient under the circumstances to warrant sending the case to the jury, that to do so permitted the finding of a verdict on a mere conjecture, and that by affirming the judgment this court is about to sanction a verdict which has but conjecture and suspicion to sustain it.

I think, therefore, that the judgment should be reversed.