(118 App. Div. 766)

PEOPLE v. McKENNA.

(Supreme Court, Appellate Division, First Department. April 19, 1907.)

ROBBERY—SUFFICIENCY OF EVIDENCE.
    In a prosecution for robbery, evidence considered, and held sufficient to sustain a conviction.

Appeal from Court of General Sessions, New York County.

Charles McKenna was convicted of robbery, and he appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

Isidor Wels (Frank Moss, of counsel), for appellant.
William Travers Jerome, Dist. Atty. (E. Crosby Kindleberger, of counsel), for the People.

CLARKE, J. The defendant was jointly indicted with one John Murray for the crime of robbery in the first degree, in that they did with force and arms in and upon one Daniel Donohue feloniously make an assault, and the sum of $5.50 from the person of said Donohue against his will and by violence feloniously did rob, steal, take, and carry away, being then and there aided by an accomplice actually present. The defendant had a separate trial.

The complaining witness, Donohue, was the janitor of 501–507 West Twenty-Ninth street. Into the hallway of these premises there opened upon the one side the door of a saloon and upon the other the door of a clubroom. Before this occurrence Donohue had never seen either the defendant or Murray. About 10:30 in the morning, as Donohue came out of the saloon into the hallway, shutting the door behind him, McKenna, Murray, and two other men rushed out of the clubroom and made a violent and brutal assault upon him. McKenna caught him by the throat, hit him in the head, dug his hand into the lower left-hand pocket of his vest, in which there was $5.50, tearing the pocket, which had previously been in good condition; Murray at the same time catching him by the leg and pulling his feet from under him, and the three men kicking him in the side and in the head, so that he was rendered unconscious. This atrocious and unprovoked assault upon a perfect stranger by the defendant and his companions is not denied. Nor is there any question of identity involved. Two of the men got away, but McKenna and Murray were arrested after a violent fight with the police in the immediate vicinity and shortly after the commission of the crime. The defendant did not take the stand, and the only evidence offered on his behalf was that of the barkeeper, who testified that Donohue had had two more drinks that morning than he had himself testified to upon the stand, and of the defendant's employer, who testified that he had paid him $15 that morning.

Admitting the assault and its brutality, and that a conviction therefor would have been proper, the learned counsel for the appellant urges that the crime of robbery was not proved beyond a reasonable doubt. Donohue testified positively that immediately prior to the occurrence he had $5.50 in his lower left-hand vest pocket, that he had seen the amount there 15 minutes before the occurrence and the pocket was not torn at that time, that McKenna had his hand in his pocket, and that he certainly did see his hand go in his pocket. His wife, Emily Donohue, testified that while her husband was still lying in the hallway, and within 10 or 15 minutes after he was struck, while they were waiting for the ambulance, she examined his pockets and took from his other pocket certain keys and a pocketbook; that she found this lower left-side vest pocket torn, with nothing whatever in it; and, the vest being identified before the jury, she testified that the pocket was then in the torn condition as it appeared before the jury.

The argument of counsel before the jury and before this court was that the money might, in the altercation, have fallen out of the pocket, and, if so, a conviction of robbery was unwarranted. It is clear, however, when a body of men make a sudden, unprovoked, and brutal assault upon an entire stranger, who swears positively to the posses-

sion of a certain amount of money in a certain pocket in his clothes, which was in good condition immediately prior to the assault, and when he swears that he saw the defendant put his hand in his pocket, and when within 10 minutes thereafter another witness swears to making an examination of the unconscious form of the person assaulted, and finds the torn pocket and no money, that a state of facts is presented upon which the jury would be entitled to draw the conclusion that the assault was for the purpose of a robbery, and that that crime had actually been committed. The inferences to be drawn from proved facts are essentially within the province of the jury, and when, having been properly and carefully charged as to the law, they have found, upon the facts proved and the necessary inferences therefrom, the defendant to have been guilty beyond a reasonable doubt, this court, upon an argument based upon a suggestion as to what might have happened, the defendant not having produced any evidence in his own behalf as to the material issues involved, will not set aside the verdict of the triors of the facts as against the weight of evidence.

We have examined the record with care, and we find nothing to criticise in the conduct of the district attorney or of the learned trial court. No errors were committed to the prejudice of the defendant. He was properly convicted of the crime whereof he stood indicted.

The judgment should therefore be affirmed. All concur.