(123 App. Div. 615.)

### PEOPLE v. ZUCKERMAN.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

LARCENY (§ 55*)—EVIDENCE—SUFFICIENCY.

　　Evidence *held* sufficient to sustain a conviction of an attempt to commit grand larceny in the second degree.

　　[Ed. Note.—For other cases, see Larceny, Dec. Dig. § 55.*]

Appeal from Court of General Sessions, New York County.

Joseph Zuckerman was convicted of an attempt to commit grand larceny in the second degree, and he appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Alex. I. Hahn, for appellant.

Alex. A. Mayper, for respondent.

McLAUGHLIN, J. The defendant appeals from a judgment convicting him of attempting to commit the crime of grand larceny in the second degree, for which he was sentenced to state's prison for a term of two years and four months.

The evidence on the part of the people tended to show that on the 1st of November, 1907, a firm by the name of Ginsburg & Bro., who did business in the city of New York, consigned a package to P. Diamond, at Putnam, in the state of Connecticut, and delivered the same to the Adams Express Company for shipment; that there was pasted on the wrapper around the package the name of the consignor and the consignee and his address; that some time after such delivery to the express company one of its employés discovered that there was pasted over the original label another one, from which the package purported to be consigned by I. Feldman, importer, or Feldman & Co., to "J. Zuckerman, 62 East 113th street," as consignee; that the police department was thereupon notified, and an arrangement made by which one of the express company's employés, accompanied by a detective of the police department, delivered the package to the defendant at the address given; that after Zuckerman received the package, and receipted for it, and paid the express charges thereon, he was immediately placed under arrest; that after his arrest he stated to the officer who had him in charge that he expected to receive a package from I. Feldman for a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

friend of his; that the officer testified he asked him who the friend was, and the defendant refused to state, and when asked what was the address of Feldman, or Feldman & Co., he stated, "Where the label says they are from;" and that no such person as Feldman, or Feldman & Co., could be found at the address on the label, nor could any such name be found in any of the directories of the city. Neither the defendant nor any witnesses were sworn in his behalf, nor did he offer any evidence whatever.

I think the evidence presented on the part of the people established a prima facie case against the defendant, which required submission to the jury. It was proved beyond a question that some one had placed the false Feldman label over the true Ginsburg one, while the package was in the express company's office. From this the jury was justified in finding that such false label was placed there by some person with intent to steal the package, and this, taken in connection with the fact that the defendant was the consignee named, that he received the package at the address given, and receipted for it, and paid the express charges thereon, that he stated to the officer who made the arrest that he expected a package from a concern which could not be found, for a "friend who had asked him to receive it," and his refusal to give the name of the "friend" or to offer any other explanation, justified the jury in finding, in the absence of any evidence to the contrary, that he was such person, or that it was some person acting in concert with him. In the latter case the defendant was just as much a principal as the one who acted with him. Section 29, Pen. Code; People v. McKenna, 118 App. Div. 766, 103 N. Y. Supp. 870. The intent to steal the package, under such circumstances, seems to be the only reasonable conclusion which can be reached. McCarney v. People, 83 N. Y. 408, 38 Am. Rep. 456; People v. Klein, 117 App. Div. 196, 102 N. Y. Supp. 289; People v. Darrow, 69 App. Div. 615, 74 N. Y. Supp. 1141, affirmed 171 N. Y. 697, 64 N. E. 1123.

Several errors are alleged, but an examination does not disclose that the defendant could have been prejudiced by them, or that they are of such a character as would justify a reversal of the judgment.

The judgment of conviction is therefore affirmed. All concur.