STREET & SMITH PUBLICATIONS, INC., Plaintiff, *v.* PHANTOM DETECTIVE, INC., Defendant.

Supreme Court, New York County, March 21, 1933.

*Brodek, Raphael & Eisner,* for the plaintiff.

*Robert A. Pines,* for the defendant.

LEVY, J.  Plaintiff seeks an injunction to restrain the defendant from using in its publishing business any name or style similar to plaintiff's trade-mark and trade name " The Shadow Magazine; " specifically to enjoin the distribution of a magazine under the title " The Phantom Detective " in imitation of plaintiff's " The Shadow Magazine," and from making any representation, directly or indirectly, that any publication of defendant is that of plaintiff. The latter's grievance arises from the fact that by extensive advertising on the radio it has popularized its publication " The Shadow Magazine," featuring the achievements of a free lance and mysterious detective named " The Shadow."  It is claimed that defendant, trading upon the popularity of such a character, has begun the publication of a similar magazine known as " The Phantom Detective."  Themes and types of content in plaintiff's magazine have evidently been employed by defendant.  To the extent to which such use might constitute merely infringement of copyright, this court may not interfere unless it constitutes unfair competition.  Not all unfair trade is necessarily the subject for redress in a court of equity.  A resourceful and successful merchant may devise a new method of distribution or sales appeal or a new dress for his goods, which adds tremendously to his sales.  The imitation of his methods by his competitors may not be restrained as unfair competition, in the absence of questions of patent or copyright infringement, if it does not tend to palm off the imitator's goods as those of the originator.  On the face of things, no purchaser is likely to buy " The Phantom Detective " in the belief that he is buying " The Shadow Magazine."  It may be that the features or ideas borrowed add to the salability of defendant's magazine, but the law, in the absence of a legal monopoly by plaintiff and in the absence of likelihood of confusion between the two products, does not regard this as unfair competition.

The motion for an injunction must be denied.