DELL PUBLISHING CO., INC., Plaintiff, *v.* NORWOOD PUBLISHING COMPANY, INC., and Others, Defendants.

Supreme Court, New York County, June 26, 1934.

*Levisohn, Niner & Levisohn* [*Edwin Levisohn* of counsel], for the plaintiff, for the motion.

*Louis H. Solomon*, for the defendants, opposed.

LEVY, J. Plaintiff, the publisher of a magazine known as *Film Fun*, seeks a temporary injunction against the defendants, who have just begun the publication of a magazine known as *Movie Humor*. The ground of the injunction is unfair competition. An inspection of the two magazines seems to indicate a decided attempt to imitate or copy features of the older magazine. There is no doubt that such effort is deliberate and might even be characterized as flagrant were it beyond the realms of what is permissible in law. If the two magazines were addressed to illiterates to whom the pictures were the sole basis of appeal, plaintiff would undoubtedly be entitled to an injunction against defendants. Magazines, however, are generally purchased by name and not by inspection of the contents. Notwithstanding the fact that defendants' title *Movie Humor* may be a paraphrase of *Film Fun*, it does not constitute an infringement within the doctrine of unfair competition. In that respect the principles are similar to those which I discussed in *Street & Smith Publications, Inc.*, v. *Phantom Detective, Inc.* (148 Misc. 897), in which I said as follows: " On the face of things, no purchaser is likely to buy ' The Phantom Detective ' in the belief that he is buying

'The Shadow Magazine.' It may be that the features or ideas borrowed add to the salability of defendant's magazine, but the law, in the absence of a legal monopoly by plaintiff and in the absence of likelihood of confusion between the two products, does not regard this as unfair competition."

*Film Fun*, plaintiff's publication, carries a notation that text, illustration and photographs in it are copyrighted. It would seem that in respect of the contents plaintiff has a remedy against defendants for infringement of copyright, but this phase is outside of the jurisdiction of the State courts.

I may say, however, that the characteristics of plaintiff's cover seem to have become associated with its publication. Bearing in mind the manner in which a purchaser frequently picks up a magazine as displayed on the newsstand, possibilities of deception exist. If a purchaser does not look at the title itself, the rest of the cover will undoubtedly suggest plaintiff's magazine when one is looking merely casually at defendants'. Thus, the very method in which the price " 20¢ " is printed, the descriptive letters under the photograph on the cover, followed by the exclamation point, are elements which undoubtedly tend to confusion. The possibilities in that direction are aggravated by the identity of format of the two publications and the equal number of pages. Pending the trial, therefore, defendants will be restrained from carrying on their cover features which will tend to confuse their publication with that of the plaintiff. Among the features defendants will be definitely restrained from carrying, are the notations of the price in the relative position it occupies on the cover and in its peculiar lettering, and the form of the slogan under the picture. Other features to avoid confusion may be suggested upon the settlement of the order. Obviously, if defendants should change their format so as to make it different from plaintiff's, the need for much further differentiation would be eliminated.

The motion is granted to the extent indicated upon plaintiff's furnishing an undertaking in the sum of $1,000.