ARCHIE COMIC PUBLICATIONS, INC., Plaintiff, *v.* AMERICAN NEWS COMPANY, Defendant.

Supreme Court, Special Term, New York County, October 28, 1953.

*Benjamin E. Winston* for plaintiff.

*Harold Levin, Benjamin B. Schneider, Max Dressler* and *R. Howard Goldsmith* for defendant.

STEUER, J.   The plaintiff publishes a comic book called '' Archie '' and distributes it through the defendant.   In this field the distributor receives the books from the publisher and arranges for their sale by seeing that they reach the proper outlets for sale to the public.   The details of the operation are not significant in this case.

Plaintiff started publishing '' Archie '' in 1942, and began distributing it through the defendant in 1949.   It has very large sales and is a valuable property.   In September, 1952, defendant began distributing two comic books called '' Stevie '' and '' Mortie '' published by Magazine Publishers Inc.   Plaintiff claims that the publication and distribution of these books constitute unfair competition and after appropriate notice brought suit.

The specifications of unfair competition consist in a number of alleged similarities both of form and content between the two Magazine Publishers' books and the plaintiff's.   Plaintiff does not claim originality for any of the features constituting alleged similarities and does not assert that the use of any particular one would substantiate its charge but that the sum total indicates an effort to trade upon the success of plaintiff's product.

The similarities may be divided into two classifications — form and content.   As regards form, virtually all comic books are generally issued in the same form.   The books are all of the same size, in form of cartoon strips printed in color.   The covers are of a glossy paper containing the name and a cartoon printed in bold colors.   Seen at a distance of a few feet or looked at casually, they are indistinguishable.   It would appear, therefore, that a purchaser would be likely to read the name of the book he contemplated buying and would not be misled by a resemblance in the physical appearance of the magazine.   It further appeared from a survey that a very large proportion of the children who read this magazine recognize the drawings of the characters by sight and could distinguish others immediately.

Plaintiff's claim does not rest on physical appearance alone. It is claimed that the stories depicted are similar.   Both cartoon strips are in what the trade classifies as the '' teenage ''

group. This group concerns itself with the activities of adolescents in their usual environment and is chiefly devoted to the youthful relationships between the sexes. A pattern has been developed for which the plaintiff claims no originality of a central character (after whom the strip is named) and it is his or her adventures that are followed. The two books in question have in common the following characteristics: The central character is a high school boy of somewhat more than average athletic ability and a considerable interest in the opposite sex chiefly centered on the belle of the class. His dominant trait, however, is a certain resourcefulness highly reminiscent of Tom Sawyer. His inamorata reciprocates his interest but her faith is constantly being tried by a series of bizarre incidents which constitute the stories. The boy has a faithful friend whose interest in girls is completely overshadowed by an insatiable appetite for food. There is a secondary girl who pursues the hero with varying success. Also there is another boy in many ways more attractive than the central character, also attracted to the leading girl. He has a marked dislike for the central character with which one can sympathize especially as he has no defense to the other's trickeries. There are various characters — the school principal, a woman teacher and the proprietor of the soda fountain patronized by these characters. As distinctions in the "Archie" comic, the parents of Archie are more highly characterized while in the other the secondary girl and the soda dispenser are given national backgrounds, French and Italian respectively. Also the leading and secondary girls are reversed as to coloring — in one the leader is brunette, in the other blonde. Perhaps the only plot element not common to both is that in the "Mortie" and "Stevie" comics the school teacher has designs on the principal which element, made comic because from her representation this lady should long since have renounced such aspirations, is lacking in the older cartoon. The incidents are different but all are of the character that they could be put in either strip without affecting its nature.

It remains to be seen whether the similarity above described amounts to unfair competition. The general rule as to literary property is that rights are limited to similarity of expression (*Dellar* v. *Samuel Goldwyn Inc.*, 150 F. 2d 612). An author or publisher does not acquire rights in a kind or type of character (*Nichols* v. *Universal Pictures Corp.*, 45 F. 2d 119). But if the expression is copied, it is otherwise. An instance of this would be if the names and representation of the characters are appropriated (*Fisher* v. *Star Co.*, 231 N. Y. 414). But an

appropriation of the general idea is not unfair competition unless it goes to the extent of violating a copyright (*Street & Smith Publications* v. *Phantom Detective,* 148 Misc. 897; *National Comics Publications* v. *Fawcett Publications,* 191 F. 2d 594). It would be virtually impossible to enforce any other rule without recourse to subjective standards.

Further points raised need little consideration. Both magazines contain a motion picture gossip column. They are differently labeled. There is no exclusive right to such a feature. The president and chief stockholder of Magazine Publishers Inc. was at one time an advertising manager for the plaintiff. Undoubtedly this made him more familiar with the plaintiff's strip than he otherwise would have been and gave him the information that it was an activity with a marked commercial success. Neither of these is significant.

Judgment is for defendant.