CITY BANK FARMERS TRUST COMPANY, as Trustee, Respondent, v. NATIONAL CUBA HOTEL CORPORATION, Appellant, and SHERATON CORPORATION OF AMERICA et al., Respondents.— Order unanimously affirmed, with one bill of $20 costs, and disbursements to the respondents. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.

FRED C. EHNES, Appellant, v. ADELE J. NOLAN et al., Respondents.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ. [204 Misc. 102.] [See 284 App. Div. 844.]

BACHRACK BROS., INC., Respondent, v. " JOHN " FRESA, Doing Business under the Name of FRESA FABRICS Co., Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.

ANNA CROTTY et al., as Administrators of the Estate of DONALD R. CROTTY, Deceased, Respondents-Appellants, v. PENNSYLVANIA RAILROAD COMPANY, Appellant; GRACE LINE, INC., Respondent-Appellant, and CHRISTIE SCOW CORPORATION, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.

ARCHIE COMIC PUBLICATIONS, INC., Appellant, v. AMERICAN NEWS COMPANY, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ. [204 Misc. 1060.]

H. SCHECTMAN & Co., INC., Appellant, v. LEON BRENNER et al., Respondents. — Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ. [See post, p. 1053.]

CECYLIA ACHTEL et al., Respondents, v. JACOB LIEBERMAN, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL M. PLESH, Appellant.— As the same acts were charged as an assault by force of arms and as an assault by indecent laying on of hands, conviction on only one of the two assault counts was justified. As to the impairment of morals count and the assault count, there were acts of indecent exposure tending to impair morals and forming no part of an assault. We find that there were two separate criminal transactions involved, and sentence on both of these counts was proper. Judgment unanimously modified so as to eliminate the conviction and sentence on the second count in the information and, as so modified, affirmed. Settle order on notice. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.