Jacob Markowitz, J. P.
(dissenting in part). I dissent in pait. I agree with the affirmance of the conviction of violation of subdivision 2 of section 722 of the Penal Law (disorderly conduct). I disagree, however, with the affirmance of conviction of violation of section 1851 (resisting arrest).
The record in the instant matter discloses that the defendants were seated when the officer warned them that they would be arrested for unlawful assembly, intrusion on real property, and disorderly conduct if they did not leave the premises, and that if upon arrest they did not accompany the officer, they would be charged in addition with resisting arrest. That they remained ‘1 limp ’ ’ after subsequently being placed under arrest is the only justification for the conviction under section 1851. However, if this same act were eliminated from the disorderly conduct charge, there is grave doubt as to whether the conviction of disorderly conduct could be sustained.
I am aware that the authorities hold that the same act or transaction may constitute two or more separate crimes and that the offender might be punished for each one separately. An exception is recognized, however, where the same evidence is required to sustain each crime (People v. Plesh, 283 App. Div. 868). If identical proof is required for each offense, the crime is not a multiple one. (Cf. United States v. Moran, 236 F. 2d 361 [C. A. 2d], cert. den. 352 U. S. 909.) In any event, doubt should be resolved against turning a transaction to multiple offenses. (Bell v. United States, 349 U. S. 81.)
It does not appear to me that the course of criminal conduct engaged in by defendants may be considered divisible in nature or as giving rise to more than one criminal act. The test applicable in determining the validity of consecutive sentencing has been stated as follows: “ It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper, although they arose out of a single transaction [cases cited]. It is also not open to dispute that if there were merely a single inseparable act violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single pumshment [cases cited].” (People ex rel. Maurer v. Jackson, 2 N Y 2d 259, 264.)
(See, also, People v. Di Lapo, 14 N Y 2d 170, 175, Bergan, J., dissenting, where he stated that one criterion to be applied in this area is whether there was a ‘1 recognizable differential in the time sequence — one thing done before the next thing starts.”) A similar approach has been adopted in California:
*218 ‘1 Few if any crimes however, are the result of a single physical act. ‘ Section 654 has been applied not only where there was but one “act” in the ordinary sense - * * * but also where a course of conduct violated more than one statute and the problem was whether it comprised a divisible transaction which could be punished under more than one statute within the meaning of section 654.’
“ Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.” (Neal v. State of California, 55 Cal. 2d 11, 19 [1960], cert. den. 365 U. S. 823.)
The test is equally applicable here.
It may well be that where one goes limp and remains so for some period of time after arrest on an otherwise unrelated independent offense, such conduct might constitute also a violation of section 1851 of the Penal Law. (See Matter of Bacon, 240 Cal. App. 2d 34, 51; State v. Avnayim, 24 Conn. Supp. 7.) Where, for example, disorderly conduct charges are based upon an accused’s running around, shouting and causing a disturbance and then, after being placed under arrest for such conduct he then goes limp for some appreciable period, there would be an arguable question as to whether he would be guilty of a multiple crime.
But these are not the facts in this case. Here, defendants went limp prior to a warning by police of a contemplated arrest and before actual arrest. Their acts of protest were identical to and coincided with the acts underlying the additional charge of resisting arrest. The authorities relied on by the People to support a finding that they may be held guilty of both disorderly conduct and resisting arrest are inapplicable. The cases cited involve at least two tiered transactions — disorderly conduct independent of resisting arrest, and then going “limp”, with the objective of making it more difficult for the arresting officer.
I fully subscribe to the statement by the majority that “ the statute should not be contracted to absolve the defendants of unlawful conduct merely because they engaged in what they conceived to be a form of protest.” Because they protested, however, albeit unlawfully, I cannot agree that the punishment meted out be contorted so as to include all possible crimes within the ambit of their single act.
I am also in accord with the policy which counterbalances our zeal in protecting the right to protest with an insistence that *219 protest be orderly and within lawful bounds. Each case, however, must be judged on its particular facts. We cannot fit cases into a preconceived mould merely because of surface similarities. Defendants here did only one thing which constituted an offense to society. To find them guilty of more than one charge would, in my opinion, be offensive to our system of justice.
Accordingly, I join in the' affirmance of the conviction of violation of subdivision 2 of section 722 of the Penal Law (disorderly conduct) and vote to reverse the conviction of violation of section 1851 of the Penal Law (resisting arrest).
Hecht, J., concurs with PIoestadter, J.; Markowitz, J. P., dissents in part.
Judgment and order affirmed.