THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM HORN, Appellant. (No. 4959–1952.) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM HORN, Appellant. (No. 4960–1952.) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM HORN, Appellant. (No. 49–1953.) — Defendant appeals from three judgments of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting him of willful violations of the terms of a lease or rental agreement (Penal Law § 2040), on each of which he was sentenced to pay a fine of $250 or to serve thirty days in jail. Judgments of conviction under informations 4959–1952 and 4960–1952 modified on the law by striking from the judgment on information 4960–1952 the requirement to pay a fine of $250 or serve thirty days in jail, and as so modified judgments unanimously affirmed and fine remitted. Judgment under information 49–1953 reversed on the law, new trial ordered, and fine remitted. The appellant was the managing agent of premises with twenty-four apartments, the tenants or occupants of which were entitled to heat and hot water. Two informations were lodged under section 2040 of the Penal Law, wherein it was charged that appellant for the period from October 15, 1952, to and including November 7, 1952, had failed in performance of the duty owed to the particular occupant named in each information. A third information charged a like failure for the period December 2d to and including December 8, 1952. The proceedings were consolidated by stipulation in open court. It was further stipulated that if called tenants or occupants, other than those who actually testified, would testify substantially to the same matters. While section 2040 warrants the lodgment of separate informations by reason of violations of the leases or agreements of the respective occupants or tenants, nevertheless where, as here, proceedings were consolidated and the obligation and omission of the landlord as to each tenant were the same, the omission should have been punished under only one of the two informations for the period October 15th to November 7th. It is the policy of the law of this State to impose single punishment for a single act. (Penal Law, § 1938; *People* v. *Repola,* 280 App Div. 735, affd. 305 N. Y. 740.) The conviction under the third information cannot be sustained. The omission charged was in the period from December 2d to December 8, 1952. The parties are agreed that the temperatures read to the court by the assistant district attorney from a certified copy of a United States Weather Bureau report were not those reported for December, 1952. The figures are those for November, 1952. No other evidence was furnished as to temperatures inside or outside of the premises for that period from which it could be found that there was an unlawful failure to furnish necessary heat. No separate appeal lies from the sentences, which had been reviewed on the appeals from the judgments. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.