■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT R. HYDE, Appellant. — Appeal from a judgment of the County Court, Kings County, convicting appellant, after trial, of attempted robbery in the first degree while armed with a dangerous weapon and of assault in the first degree, and sentencing him to a term of 7½ to 15 years for the attempted robbery, an additional term of 5 to 10 years for being armed in the commission thereof, and a term of 5 to 10 years for the assault, such terms to run consecutively, making a total of 17½ to 35 years, and from each and every intermediate order therein made. Judgment modified on the facts by striking therefrom the provisions imposing the additional term for being armed and that the terms are to run consecutively, and by adding thereto a provision to the effect that the terms imposed on the robbery and assault charges shall run concurrently. As so modified, judgment unanimously affirmed. In our opinion, the imposition of the additional sentence for being armed constitutes, in the circumstances of this case, excessive punishment for the crimes of which appellant was adjudged to be guilty. (*People* v. *Doran*, 2 A. D. 2d 890.) It is the policy of the law of this State to impose a single punishment for a single act (Penal Law, § 1938; *People* v. *Repola*, 280 App. Div. 735, affd. 305 N. Y. 740; *People* v. *Horn*, 282 App. Div. 956). Even assuming that the assault was a separate act and not an integral part of the attempted robbery, thus permitting a separate sentence for each crime (*People* v. *Repola*, *supra*), nevertheless, in view of the fact that appellant had never been previously convicted of a felony and in the light of the other relevant facts and circumstances, the imposition of consecutive, rather than concurrent, terms for these crimes likewise constitutes excessive punishment (*People* v. *Santanello*, 1 A. D. 2d 891; *People* v. *Craig*, 1 A. D. 2d 891; *People* v. *Festa*, 271 App. Div. 935). No separate appeal lies from the inter-

mediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.