PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. THOMAS CONNOR, APPELLANT.

*Indictment — when an allegation, not required by the Code, and the admission of proof of the fact alleged, does not injure the defendant — Code of Criminal Procedure, sec. 542.*

One Connor, was convicted under a count contained in an indictment, which alleged the commission of an assault feloniously, willfully and wrongfully made by him by a pistol then and there loaded with gunpowder and a leaden bullet, which was in the right hand of the said Connor, and was pointed at the complaining witness with intent to shoot off and discharge the same. The weapon was also alleged to be an instrument likely to produce grievous bodily harm.

The existence of the intent charged in the indictment, to shoot off and discharge the weapon, was not required by subdivision 4 of section 218 of the Penal Code, defining an assault, but evidence was given on the trial from which an intent to shoot off and discharge the weapon could be inferred. It was claimed by the defendant that he was entitled to a reversal of the judgment because of

this additional allegation and the admission of the evidence given in support thereof.

*Held*, that, though the prosecution did more than it was obliged to do to secure the conviction of the defendant, he was not injured by such action, and was not entitled to complain of it under the provisions contained in section 542 of the Code of Criminal Procedure. (BRADY, J., dissenting.)

*Mulligan* v. *People* (5 Park. Crim. R., 105) distinguished.

APPEAL from a judgment, entered after a trial on February 4, 1889, at the Court of General Sessions of the County of New York, convicting the defendant of an assault in the second degree.

*Alfred & Charles Steckler*, for the appellant.

*William Travers Jerome*, for the respondent.

DANIELS, J. :

The defendant was convicted under the second count contained in the indictment, the first having been withdrawn from the consideration of the jury. This count alleged an assault feloniously, willfully and wrongfully made by him by a pistol then and there loaded with gunpowder and a leaden bullet, which was in the right hand of the defendant and pointed and presented at the complaining witness, with intent to shoot off and discharge the same. The weapon was alleged also to be an instrument likely to produce grievous bodily harm. This count in the indictment appears to have been framed under subdivision 4 of section 218 of the Penal Code, declaring a person to be guilty of an assault in the second degree who willfully and wrongfully assaults "another by the use of a weapon or other instrument or thing likely to produce grievous bodily harm." The intent charged in the indictment against the prisoner, to shoot off and discharge the weapon, has not been required to create the offense described in this subdivision of the section. But evidence was given on the trial, from which such an intent could be inferred, for the complaining witnesses testified that when the defendant pointed the pistol, which was proven to have been loaded, at him, he stated that he would shoot the witness, who then jumped behind a partition in the back-room. From this statement an intent to shoot could. be inferred under the decision which was made in *Mulligan* v. *People* (5 Parker, 105). On the charge which

was given to the jury, their verdict of guilty of the offense, in this manner alleged, was made to depend upon the existence of this intent, as well as upon the additional fact that the weapon was an instrument likely to produce, as it was pointed, grievous bodily harm. No injury accordingly resulted to the defendant by the allegation and proof of this additional attribute, to those required to convict him of the crime for which he was found guilty. It, on the contrary, imposed an additional burden upon the prosecution, beyond that required by the statute. And if, in the judgment of the jury, the evidence had failed to establish the existence of this intent, then the defendant would, from the charge of the court, have been acquitted. They considered the intent to have been proved. And as the evidence left no doubt concerning the other circumstances necessary to constitute the crime, they found the defendant guilty, and that they very well could do, for this crime of an assault in the second degree, although the indictment charged, and the proof tended to establish more than the law required to make out the offense.

It is supposed that the case of *Mulligan* v. *People* (*supra*), supports the right of the defendant to a reversal of this judgment, because of this additional allegation and proof. But such is not its effect. The indictment in that case was found under a statute making it a felony to shoot at another, or attempt to discharge any kind of fire-arms or any air-gun at another with the intent to kill, maim, etc., such other person. (3 R. S. [6th ed.], 938, § 46.) The weapon in that case was an uncocked pistol, and the court was asked to charge that pointing this weapon at the person was not an attempt to commit the crime mentioned in this section of the statute. The intent there was essential to the commission of the crime described in the statute. It could not be committed without the existence of the intention. And as that was not proved, by reason of the circumstances that the pistol was uncocked, the court held that the jury should have been so directed. But in this case the intent was not made by the law an attribute of the crime. But still it was alleged to exist, and the evidence was sufficient to sustain the jury in finding that the intent did, in fact, exist. For it did not appear that the pistol was uncocked, but it was pointed by the defendant, at the complaining witness, accompanied with the threat that he would

shoot him then. And from this circumstance, accompanied with the threat, the jury could infer that the pistol was in a condition at the time to be discharged. In *Regina* v. *Lewis* (9 Car. & Payne, 523), the indictment was found under a statute making it an offense to attempt to discharge a fire-arm at another. The evidence proved that the defendant, at the termination of an interview between himself and the complainant, unfolded a coat on his arm and took out a blunderbuss, saying then "you are a dead man." This was not pointed at the witness, and not up to the defendant's shoulder, when he was seized by his two arms and his collar and thrown down upon a sofa and then secured. The witness added : "The blunderbuss was never pointed towards me." And that materially distinguishes that case from the present one. The court held at the trial that this was not sufficient to bring the case within the statute and the defendant was acquitted. In *Regina* v. *St. George* (Id., 483), the defendant presented a loaded pistol at the complaining witness, but was prevented from pulling the trigger. And it was held at the trial that he could not be convicted on an indictment for felonously attempting to discharge loaded arms at the witness. As to the case first cited from this report there seems to have been fair ground for the acquittal of the defendant. But as to the case last referred to, it certainly does not seem to have been well decided. For pointing a loaded pistol at a person, which he was prevented from discharging by the intervention of another, would be an attempt to discharge it at the person towards whom it was pointed. And that was considered to be the rational conclusion in *Queen* v. *Brown* (L. R., 10 Queen's B. Div., 381), where the correctness of the decision in *Regina* v. *St. George*, and also the case of Lewis, was so far doubted and criticised as substantially to deprive the earlier case at least of its authority. But even if they were not, in effect, overruled at that time, the decisions contained nothing whatever which would exonerate this defendant from guilt under this subdivision of the statute. For he did all that the subdivision has prescribed to create the offense, and he did it also with the intention alleged in the indictment, forming no necessary part of the crime. The prosecution did more than it was legally obliged to do to secure the conviction of the defendant. He was not injured, but was benefited by this excess. And he is not entitled to complain of it under the enact-

ment contained in section 542 of the Code of Criminal Procedure. The judgment should be affirmed.

VAN BRUNT, P. J., concurred.

BRADY, J. (dissenting):

The appellant was indicted under section 218 of the Penal Code for an assault in the first and second degrees. Upon the trial the charge as of the first degree was withdrawn. The prisoner was convicted of the crime of an assault in the second degree and duly sentenced. The act by which it was held the crime was completed was in pointing a loaded pistol at the complainant, who was within shooting distance, accompanied by the threat "I will shoot you now." He had within a short time before struck the complainant on the breast without altercation or provocation, and his conduct was, therefore, willful and wanton. The indictment charged the act, and that it was done with intent to shoot off and discharge the pistol. The statute does not require such a charge. The fourth subdivision is as follows: "Willfully and wrongfully assaults another by the use of a weapon or other instrument or thing likely to produce grievous bodily harm," and makes the act, therefore, without reference to the intent with which it is done, a crime. Unless the legislature intended that such act, however dangerous, and however productive of terror, was not punishable, no other interpretation can be given the language employed. And this view is in accordance with an elementary principle well stated in Bishop's Criminal Law (7th ed.), section 32, as follows: "There is no need for the party assailed to be in actual peril, if only a well-founded apprehension is created. For his suffering is the same in one case as in the other, and the breach of the public peace is the same. Therefore, if, within shooting distance, one menacingly points at another with a gun, apparently loaded, yet not loaded in fact, he commits an assault the same as if it were loaded." It is quite a familiar rule that an assault is any attempt or offer with force or violence to do corporal hurt to another, whether from malice or wantonness, as by striking at him with a cane or holding up the fist at him in a threatening or insulting manner, or with such other circumstances as denote at the time an intention coupled with a present ability of actual violence against his person as by pointing a weapon at him when he is within reach of it. (Roscoe's

Crim. Ev., 210.) And the distinction between the assault, which is in fact only a menace, and the commission of the act, of which it may be said to be the precursor, are settled by the differences in the punishment meted out for each offense. If the indictment had set out the assault alone there would, therefore, be little doubt about the propriety of the conviction appealed from, but it did not. It went farther and charged the appellant with pointing the pistol, intending to shoot it off and discharge it against the body of the complainant. Both of these phases of the question were presented by the charge of the learned justice presiding. He said, after a more elaborate statement of the offense charged :

" Briefly, a person who assaults another with a weapon or a thing likely to produce grievous bodily harm, is guilty of assault in the second degree, if the assault be willful and wrongful. So, if you shall find from the evidence in this case that this defendant did point this revolver at the complainant, and that act was a willful and wrongful act, then I charge you that the crime that has been committed was the crime of assault in the second degree, and thus omitted the element of intent, which was in harmony with the statute, but less than the indictment required, that paper, as we have seen, charging a felonious intent." But the learned justice qualified that instruction by these observations : " Your duty is first to consider, upon retiring to your jury room, whether this defendant is guilty of the crime of assault in the second degree, whether he willfully, wrongfully assaulted another by the use of a weapon or other instrument or thing likely to produce grievous bodily harm. It was not necessary that he should have fired that weapon to constitute the crime. If he pointed it with the intent to inflict an injury upon the complainant, that is assault in the second degree, if he had a willful and wrongful intent at the time of so doing, if his intent was to commit an assault. If the defendant at that time had a willful and wrongful intent, and if that is shown, he is guilty of the crime of assault in the second degree ; " in which intent to inflict an injury was said to be essential, which is an error, although consistent with the elements of the crime as charged in the indictment. The statute designs to punish for pointing a dangerous weapon, willfully and wrongly, because it is likely to produce a grievous bodily harm. If it be a pistol, it might be discharged, and if not, it might produce a

sense of peril which would not be mitigated by the unknown fact that it was not loaded or cocked or could not be discharged for any reason. The presentation in a threatening manner constitutes the assault which is contemplated by the statute and made an offense. When, however, there is added the further element of intention to shoot, it is not to be inferred from the mere pointing of the pistol at another. There must be something more than this, such as that the trigger was pulled, or the pistol was cocked, or that it was self-cocking, and the prisoner's finger was on the trigger. Such is the rule of the cases bearing upon the subject, and they are consistent with common sense when a distinction is made between an assault with intent to inflict bodily harm and one without such intent. It is in the latter case, as already suggested, that the assault is a crime for the reason that it is *likely* to produce the result stated. Such is the language of the statute. Under the Revised Statutes (2 R. S., 665, § 36), on an indictment for attempting to discharge a pistol with intent to kill, it was held that the pointing of an uncocked Colt's revolver at a person was not an attempt to discharge the weapon. (*Mulligan* v. *The People*, 5 Parker, 105; *Reg.* v. *Lewis*, 9 Car. & Payne, 523, 483.) There is no evidence in this case of any act other than the pointing of the pistol, and that is not sufficient to justify a finding that it was done with intent to shoot it off although accompanied by a threat. It was a willful and wanton act, as already said, and a crime, but it was not the offense charged in the indictment and submitted to the consideration of the jury. The point is well taken, therefore, that the verdict rests upon no evidence to sustain it on the element of intent, there being no proof that the pistol was cocked or that any attempt was made to cock it, or any act done preparatory to its discharge. For these reasons the judgment should be reversed and a new trial ordered.

Judgment affirmed.