(173 App. Div. 375)

### PEOPLE v. EDWARDS.

(Supreme Court, Appellate Division, Second Department. June 9, 1916.)

1. CRIMINAL LAW ☞984—GRADES OF OFFENSES—GENERAL VERDICT—JUDGMENT.
    The settled practice of the criminal law in case of indictment for two grades of an offense, such as rape, in the first degree, and assault with intent, in the second degree, general verdict of guilty being returned, is to pass judgment on the count charging the highest grade of offense.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2504–2509, 2541; Dec. Dig. ☞984.]

2. RAPE ☞51(1)—GUILT—SUFFICIENCY OF EVIDENCE.
    In a prosecution for rape, evidence *held* sufficient to establish defendant's guilt.
    [Ed. Note.—For other cases, see Rape, Cent. Dig. § 71; Dec. Dig. ☞51(1).]

3. RAPE ☞7—EMISSION—STATUTE.
    Under Penal Law (Consol. Laws, c. 40) §§ 2010, 2011, defining crime of rape, complete sexual coition is not essential to the crime; penetration being sufficient.
    [Ed. Note.—For other cases, see Rape, Cent. Dig. § 7; Dec. Dig. ☞7.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Queens County Court.

Daniel Edwards was convicted of rape, and he appeals. Judgment affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and RICH, JJ.

Richard R. Adams, of Long Island City, for appellant.

Denis O'Leary, Dist. Atty., of Long Island City, for the People.

CARR, J. This is an appeal from a judgment of conviction of a crime in the County Court in Queens county. The defendant was indicted for the crime of rape in the first degree, and in the second court of the indictment for assault with the intent to commit rape. Both counts were submitted to the jury, who returned a general verdict of "guilty."

[1] The sentence imposed by the trial court was based apparently upon the first count, of rape in the first degree. No objection was made by the defendant to the form of the verdict as rendered, nor was there any request to the trial court to direct the jury to render its verdict upon the separate counts of the indictment, nor to compel the prosecution to elect as to which count was to be submitted to the jury. While the crimes charged in the indictment were of different grades of crime, and the penalties provided by the Penal Law were different in severity, that for attempted rape being less severe than that for rape in the first degree, yet the settled practice of the criminal law is for the court to pass judgment on the count charging the highest grade of offense. Conkey and Herington v. People, 5 Parker's Cr. R. (N. Y.) 31 (Court of Appeals, 1860); Harman v. Commonwealth, 12 Serg. & R. (Pa.) 69; People v. Emerson, 5 N. Y. Supp. 374.

[2, 3] We have examined the record with care. The testimony adduced by the prosecution established the guilt of the defendant beyond a reasonable doubt, and it may be said that its force was overwhelming as against the defendant. The testimony of the prosecutrix was strongly corroborated in its essential features. The alleged crime was committed on August 30, 1914. The girl, about 15 years of age, was examined a few days thereafter by a physician, who testified for the prosecution, and he found a rip or tear in the vagina "of recent origin," which, in his judgment, had existed "a very short period, probably not more than a day or two." The girl herself testified to "penetration" by the defendant. The only evidence to the contrary, apart from that of the defendant, who made a complete denial of rape or attempted rape, was that of an ambulance surgeon, called by the defense, who testified that, on the night of the alleged crime, he had examined the girl and "didn't see practically any signs of external violence, except that the hymen had been ruptured at some time or other, whether recent or that night I could not tell." He further testified that he took the girl to a hospital and made a "smear" of the vaginal fluids, and on examining the same under the microscope that he found no spermatozoa. The most that this evidence would indicate was that there

had not been a completed sexual coition. But that was not essential to the crime of rape as defined in the Penal Law, for the statute declares that "any sexual penetration, however slight, is sufficient to complete the crime." Penal Law, §§ 2010, 2011. We find no reversible error in any of the rulings of the trial court.

The judgment of conviction of the County Court of Queens County is affirmed. All concur.