## THIRD DEPARTMENT, JANUARY, 1936.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CLIFFORD WELLS and WARREN PAPINEAU, Appellants.

Hill, P. J., Rhodes, Bliss and Heffernan, JJ., concur; Crapser, J., votes for affirmance of the judgment of conviction, and to set aside the sentence of both defendants, and to have both defendants brought before the court for proper sentences, with an opinion.

CRAPSER, J. (dissenting). The defendants, Clifford Wells, Warren Papineau, Vito Nicholas Manicone and Joseph Scotto, were confined in the county jail of Clinton county, and on the 12th day of February, 1935, while the prisoners were being fed in the morning, they rushed the deputy sheriff in charge. One of them had a gun and shoved it in the stomach of the deputy sheriff, while another took the key out of his pocket, by means of which the four escaped from jail, and they were indicted for assault in the first degree and robbery in the first degree. They had previously secured some hack saws and sawed off some of the bars in one of the cells. They were all shortly after recaptured.

The defendants Clifford Wells and Warren Papineau made a motion that the trial of Wells and Papineau be separate from the trial of the other two jointly indicted, which motion was granted and the trial of Wells and Papineau proceeded and the jury returned a verdict of guilty as charged in the indictment.

In pronouncing judgment the court imposed a specific and separate sentence for each of the crimes charged in the indictment. The court sentenced Warren Papineau to Clinton Prison for an indeterminate term, the minimum of which was not to be less than five years and the maximum of which was not to be more /than ten years, on the first count of the indictment, assault in the first degree. On the second count of the indictment the court sentenced Warren Papineau to Clinton Prison for an indeterminate term of not less than ten years and the maximum of which was not to be more than twenty years, the sentences to run consecutively.

The court sentenced Clifford Wells to Clinton Prison for a determinate term of ten years on the charge of assault in the first degree and on the second count of the indictment he sentenced Clifford Wells to be confined in Clinton Prison for the determinate term of ten years, the sentences to run consecutively.

The court exceeded its power in thus imposing sentences as it did; it could only pass judgment on the count of the indictment which charged the highest grade of offense. (*People* v. *Edwards*, 173 App. Div. 375, 376; *People ex rel. Thornwell* v. *Heacox*, 231 id. 617.)

" An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under anyone of those provisions,

but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision." (Penal Law, § 1938.)

A careful examination of the record convinces us that the conviction of the defendants was a just one. There is ample evidence in the record to support the conviction and any errors that may be pointed out were not of such a character that would require a reversal and a new trial.

The judgments of conviction against both defendants should be affirmed and the sentences of both defendants should be set aside and said defendants be brought before the court for the purpose of having proper sentences pronounced upon them. (Code Crim. Proc. § 543; *People* v. *Foelker*, 220 App. Div. 528–536; *People* v. *Salter*, 191 id. 723; and on motion of reargument, 192 id. 435.)

Judgment of conviction should be affirmed, except that judgment is to be corrected by this court resentencing the defendants.