In the Matter of the Application of GEORGE ZOVICK, Petitioner, Appellant, for a Peremptory Order of Mandamus against Hon. EDWARD W. EATON, as County Judge of Tioga County, or any Judge of a County Court Holding Term in and for Tioga County, Respondent.

Third Department, May 28, 1940.

*George Zovick*, petitioner in person.

*Francis J. Clohessy, District Attorney*, for the respondent.

FOSTER, J. Appeal from an order of the Broome County Special Term which denied petitioner's application for a peremptory order of mandamus directing his return to the Tioga County Court for resentence.

Petitioner was jointly indicted with one Mike Sevic for the crimes of robbery, first degree, and assault, first degree, alleged to have been committed on June 11, 1928. He was tried July 16, 1928, and convicted of both crimes. Thereafter he was sentenced to be confined in the State prison at Auburn, N. Y., for a term of not less than twenty years or more than forty years on the robbery charge, and to a term of not less than ten years or more than twenty years on the assault charge, and these sentences were directed to run consecutively. The original record of conviction makes no mention of the fact that petitioner was armed with a revolver at the time the crimes were committed, although the indictment charged such fact.

On September 27, 1930, petitioner appeared on a writ of habeas corpus before the Cayuga Special Term and sought his discharge on the ground that the sentences imposed were illegal. Apparently a question was raised as to the alleged failure of proof that petitioner was armed. The justice at Special Term evidently did not have the minutes of the trial before him, because he held that there was nothing in the record before him to show who possessed the weapon. He pointed out that under the circumstances, the petitioner being a first offender, should have been sentenced to a minimum term of not more than ten years and a maximum term of not more than twenty years; or, if proof was adduced that petitioner was armed, then the minimum should not have been for a term longer than twenty years and a maximum of not more than thirty years. The justice at Special Term also held that the sentence imposed for the assault was erroneous. For these reasons it was ordered that petitioner be returned to the County Court for resentence. He was so returned and resentenced by the County Court on December 1, 1930, for the same terms as originally sentenced. The second order of conviction recites that petitioner was armed with a revolver when the crimes were committed.

Petitioner thereupon applied to the county judge of Tioga county for an order directing his return again for resentence upon the claim that the second sentences were illegal. This application was denied. Petitioner then applied to the Broome County Special Term of the Supreme Court for a peremptory order of mandamus directing his return to the County Court for resentence and for such relief as might be proper.

On this application a question was raised as to the propriety of petitioner's conviction for assault. The court held that two separate crimes were committed, one of robbery committed while armed with a dangerous weapon, and one of assault with a loaded firearm. We are unable to agree with this conclusion. An examination of the evidence taken on the trial indicates that petitioner committed no assault except that which was involved as an element of robbery. He held up four people by pointing a loaded revolver at them, and then he and his codefendant robbed them. The acts of robbery and of assault were all part of a single transaction.

Assuming, however, for the sake of argument that the trial court properly submitted to the jury the commission of two crimes arising out of a single transaction, it could only pass judgment upon conviction on the count in the indictment which charged the highest grade of offense. (*People ex rel. Thornwell* v. *Heacox,* 231 App. Div. 618; Penal Law [1928], § 1938.) In this case that was robbery, first degree. Under either theory the sentence for assault was in excess of the court's power and, therefore, erroneous.

The evidence clearly shows that petitioner was the defendant who was armed with a revolver when the robbery occurred. At the time of his conviction the punishment for robbery in the first degree was imprisonment for a term of not less than fifteen years. Since petitioner had never before been convicted of a crime the court was authorized to impose primarily a minimum sentence of not less than fifteen years and a maximum for the term of his natural life, or a maximum of any term less than his natural life and more than fifteen years. (Penal Law [1928], §§ 2189 and 2191; *People* v. *Sobierajski*, 224 App. Div. 227.) In addition the court was required, since petitioner was armed with a pistol at the time of the offense, to impose an additional indeterminate sentence of not less than five years nor more than ten years. (Penal Law [1928], § 1944; *People* v. *Procito*, 261 N. Y. 376; *People* v. *Caruso*, 249 id. 302.)

For the reasons indicated the order denying petitioner's application, and attempting to correct the sentence for assault, was erroneous and should be reversed. An order may be entered directing the warden of the Clinton State Prison at Dannemora, N. Y., to produce petitioner before this court on July 1, 1940, at two o'clock in the afternoon, so that a proper sentence may be pronounced.

HILL, P. J., HEFFERNAN and SCHENCK, JJ., concur; BLISS, J., dissents, with an opinion.

BLISS, J. (dissenting). I concur in the decision in so far as it reverses the order of the Special Term and vote to grant petitioner's application to be returned to the County Court for the imposition of a proper sentence.

I concur in the opinion in so far as it holds that the sentence previously imposed was illegal. I do not, however, concur in that portion which holds that two sentences should have been imposed — one consisting of the punishment for the felony itself and the other for being armed. The statutes contemplate but one sentence, which should have been indeterminate, with a minimum of twenty years and the maximum of any term from twenty years to life. The minimum of this sentence is made up of the punishment prescribed for the felony of which petitioner was convicted and by an additional five years for being armed, all of which must be imposed in one sentence.

I also dissent from the decision in so far as it directs that the petitioner be produced before this court for sentence. This is a proceeding in the nature of mandamus to compel the County Court of Tioga county to impose a proper sentence. The appeal now

pending before us is from an order of the Special Term of the Supreme Court and is not an appeal from a judgment in a criminal action, consequently there is no authority for this court to now impose a proper sentence as on an appeal from a judgment in a criminal action.

Order denying application reversed, on the law and facts, and an order granted directing the warden of Clinton State Prison at Dannemora, N. Y., to produce petitioner before this court on July 1, 1940, at two o'clock in the afternoon, so that a proper sentence may be pronounced.   [See 259 App. Div. 1116.]