The People of the State of New York ex rel. Carl C. Richardson, Petitioner, against Vernon A. Morhous, as Warden of Great Meadow Prison, Respondent.

Supreme Court, Washington County, August 3, 1943.

*Carl A. Richardson,* petitioner in person.

*Nathaniel L. Goldstein, Attorney-General (George A. Radz* of counsel), for respondent.

Imrie, J. Petitioner was convicted in County Court of robbery, first degree, and assault, second degree. He received a sentence of not less than ten nor more than fifteen years for the robbery and not less than two and one-half years nor more than five years for the assault, the sentences to run consecutively. Petitioner appealed to the Appellate Division, Third Department; there the judgment of conviction was affirmed. (*People* v. *Richardson,* 251 App. Div. 916.)

In this habeas corpus proceeding petitioner seeks to set aside the sentence for assault, second degree, upon the ground that, the convictions arising out of a single transaction, only one penalty could be imposed (Penal Law, § 1938) which would be for the crime having the highest degree of penalty. (*People* v. *Edwards,* 173 App. Div. 375.)

In substance, the prosecution's testimony was that petitioner and an accomplice entered the liquor store of one Rourke; that a revolver was put to Rourke's back and he was told, '' This is a stickup ''; that he was directed around the end of the counter toward the cash drawer; that as he turned back of the counter, the revolver went off, the bullet striking Rourke in the arm; that thereupon forty-five dollars was taken from his person or possession, and petitioner and his accomplice ran out of the store, jumped into a waiting automobile and drove off.

While both petitioner and respondent cite *People* v. *Snyder* (241 N. Y. 81) in support of their contentions, it is clear that the *Snyder* case is distinguishable from this case. The *Snyder* case involved charges of burglary and larceny and, at page 83, Judge Lehman points out that '' there can be no double jeopardy if the Legislature has seen fit to provide that up to a particular point the acts of the defendant constitute one crime and that the acts of the defendant, committed thereafter, constitute a second crime and that each series of acts constituting a separate crime are subject to separate punishment.'' (Penal Law, § 406.)

There is no parallel legislative rule with reference to acts of robbery or assault. The act of robbery for which the petitioner was convicted was the taking of property from the possession or in the presence of a person upon whom the offender

had inflicted grievous bodily harm or injury, which brings the act, in specific terms, within the definition of subdivision 4 of section 2124 of the Penal Law, although the three other definitions of robbery in the first degree, set up in such section, would fit the occurrence. Thus, the statute includes, as an element of robbery, first degree, an act which, unaccompanied by the taking of property, would have been an assault. (*People* v. *McKenna*, 118 App. Div. 766.)

On the authority of *Matter of Zovick* v. *Eaton* (259 App. Div. 585), *People* v. *Wells* (246 App. Div. 853), and *People ex rel. Thornwell* v. *Heacox* (231 App. Div. 617), it must be held that in this case the sentence should have been for the robbery only, that being the offense of the highest degree for which the petitioner was indicted and convicted.

The only distinction between the assault of which petitioner was convicted in this case, and those in the cited cases, is that here the revolver was discharged and Rourke was wounded while there appears to have been no discharge of the revolver or wounding involved in the other cases mentioned. *Zovick* '' held up four people by pointing a loaded revolver at them '' prior to the robbery; in the *Wells* case, one of the defendants '' had a gun and shoved it in the stomach of the deputy sheriff, while another took the key out of his pocket ''; in the *Thornwell* case, the type of assault is not specified. These various acts, in turn, come within the definition of assault, second degree, as contained in section 242 of the Penal Law (*People* v. *Ryan*, 55 Hun 214; *People* v. *Connor*, 53 Hun 352), so that it does not appear that the mere fact that there was a firing and a wounding in the instant case is sufficient to distinguish it from the authoritative statements in the three cases above cited.

The fact that there was an appeal in which the Appellate Division affirmed the judgment of conviction does not seem to me to preclude consideration of the petitioner's contention as to wrongful sentence. The invalidity of the sentencing was not raised upon the appeal; nothing is said of it in the brief memorandum decision of the Appellate Division. The question considered on appeal was whether this petitioner was sufficiently identified as one of the robbers. The Appellate Division found that the evidence amply sustained the judgment and stated, '' Judgment of conviction affirmed.''

Is the discretion vested in an appellate court by section 543 of the Code of Criminal Procedure such as to require that court to scan the record for possible errors not assigned, and to compel the conclusion that the affirmance by such a court of

a judgment of conviction is so sweeping that it thereafter precludes the appellant on any question which he might have raised on the appeal, even though the court makes no specification or particularization? I think not. At the most, it would seem that such an affirmance would be controlling as to the facts or the questions necessarily involved in the issue actually before the court or referred to by it in its determination. (*People* v. *Rogers,* 102 Misc. 437; *People* v. *Rodgers,* 184 App. Div. 461.) The question as to whether or not the defendant-appellant had been correctly sentenced was not necessarily before the appellate court in its determination as to the facts of identity.

I conclude that the sentence for assault in the second degree was excessive and beyond the authority of the sentencing court, which could only pass sentence upon the count for robbery, first degree. (*People* v. *Edwards,* 173 App. Div. 375, *supra.*) The sentence for assault, therefore, should be set aside. This, however, is to be without prejudice to the sentence for robbery in the first degree and the terms of any parole thereunder. If he has been paroled with respect to such sentence, such parole should become operative forthwith, and he should not be longer detained under a void sentence.