Froessel, J.
Relator was indicted on July 31, 1951, by the Grand Jury of Nassau County on three counts of robbery in the first degree, one count of attempted robbery in the first *262 degree, five counts of grand larceny in the first degree, one count of assault in the first degree, one count of unlawfully carrying a loaded pistol concealed upon the person, three counts of assault in the second degree, and petit larceny.
He pleaded guilty to attempted robbery in the first degree (13th count), assault in the first degree (14th count), and unlawfully carrying a loaded pistol concealed upon the person (16th count). On the date of sentencing, the District Attorney of Nassau County filed an information charging that relator had previously been convicted of the felony of attempted rape in the second degree, which relator admitted to be true. Sentence was thereupon pronounced upon him for the three crimes to which he had pleaded guilty, as follows: (1) for attempted robbery in the first degree, a term of 15 to 30 years; (2) for assault in the first degree, a term of 10 to 20 years; (3) for unlawfully carrying a loaded pistol concealed upon the person, a term of 7 to 14 years; and, in addition thereto, (4) for being armed with a loaded pistol on the commission of the foregoing, a term of 10 to 15 years, under section 1944 of the Penal Law. The first three of these sentences were ordered to run concurrently, and the last consecutively.
In his petition before the Supreme Court of Clinton County, relator contended that the last three sentences violated section 1938 of the Penal Law in that they constituted multiple punishment. The Supreme Court, without opinion, dismissed relator’s petition. The Appellate Division agreed with the Supreme Court on the appropriateness of all the sentences except that for assault, and accordingly reversed, remanding relator to the County Court of Nassau County for resentencing. Eelator did not appeal from the determination of the Appellate Division. Thus his present contentions with respect to the invalidity of his sentences for unlawfully carrying a concealed weapon on his person and for being armed during the commission of the crimes are not properly before us (Litchfield Constr. Co. v. City of New York, 244 N. Y. 251, 258; 9 Carmody-Wait on New York Practice, § 210, at p. 416).
The single issue now presented is whether the imposition of concurrent sentences for assault in the first degree and attempted robbery in the first degree in this case violated the prohibition of double punishment contained in section 1938 of the Penal Law, which reads as follows: ‘ ‘ An act or omission *263 which, is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision.” Appellants, the People of the State of New York, and J. Yernel Jackson, as Warden of Clinton Prison, Dannemora, New York, argue that the determination of the Appellate Division was erroneous, inasmuch as the sentencing court ordered that relator’s sentences for attempted robbery and assault be served concurrently, and concurrent sentences do not constitute double punishment under section 1938. The amicus, the District Attorney of Nassau County, argues additionally that assault first degree (with intent to kill [Penal Law, § 240]) is not the same act as attempted robbery first degree (Penal Law, § 2124), and that defendant’s act will be found in the indictment whereas the statute upon which the indictment is drawn will define and measure the crime (citing People v. Olah, 300 N. Y. 96 [1949]; People ex rel. Newman v. Foster, 297 N. Y. 27 [1947]; People v. Love, 305 N. Y. 722 [1953]; Matter of Moore v. Macduff, 309 N. Y. 35 [1955]). (See, also, People ex rel. Poster v. Jackson, 303 N. Y. 680.) Thus it is urged that in pleading guilty to the attempted robbery relator admitted that he, accompanied by a confederate, in the nighttime of July 4, 1951, unlawfully and feloniously attempted to take certain property “ having an aggregate value of about seventy ($70.) dollars * * * from the person and in the presence of Joseph Eichter, against his will, by means of force and violence and fear of immediate injury to his person, the said defendants each, at the time, being then and there aided by an accomplice actually present, being then and there armed with a dangerous weapon, to wit, a revolver, and an automatic pistol, both loaded, being then and there assisted by the use of an automobile.” (Count 13.) And in pleading guilty to assault in the first degree, relator admitted that on July 4, 1951, he and another “ with intent to kill, assaulted one Joseph Eichter, by aiming and discharging a loaded pistol at said Joseph Eichter ” (indictment, count 14).
There is nothing in the record to indicate whether the attempted robbery and the assault were part of the same transaction. Since there was a plea of guilty, there is no trial evidence to which we may resort. The indictment itself is not *264 a part of the printed case on appeal; however, a certified copy thereof was handed up to us on the argument. It shows that both crimes are alleged to have been committed on the same day and against the same victim. Assuming that the robbery and the assault occurred at about the same time, the amicus nevertheless maintains that the separate sentences were proper here, and we give that first consideration.
It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction (People v. Repola, 305 N. Y. 740; People ex rel. Poster v. Jackson, 303 N. Y. 680, supra; People v. Skarczewski, 287 N. Y. 826; People v. Zipkin, 202 Misc. 552; cf. People v. Savarese, 1 Misc 2d 305, 313, 318). It is also not open to dispute that if there were merely a single inseparable act violative of more than one statute, or if there were an act which itself violated one- statute and was a material element of the violation of another, there would have to be single punishment (People v. Repola, 305 N. Y. 740, supra; People v. Plesh, 283 App. Div. 868; People v. Pauley, 281 App. Div. 223, 229-230; see, also, People v. Nelson, 309 N. Y. 231; People v. Stein, 280 App. Div. 176, affd. 304 N. Y. 834; Matter of Chapman, 43 Cal. 2d 385).
The lower court cases applying these criteria to the crimes of assault and robbery have held that the act which constitutes the element of force in the robbery may not be made the basis of consecutive punishment for assault. In Matter of Zovick v. Eaton (259 App. Div. 585) it was held that where defendant pointed a loaded revolver at certain persons and robbed them, there could not be consecutive sentences for both robbery and assault with a deadly weapon (see, also, People ex rel. Thornwell v. Heacox, 231 App. Div. 617). People ex rel. Richardson v. Morhous (182 Misc. 299) was a case in which, during the course of the robbery, defendant’s gun went off (but without any intent to kill), injuring the victim. It was there held that consecutive sentences for both robbery and assault in the second degree' were improper. In People v. Wells (246 App. Div. 853) one of the defendants in the course of an escape shoved a gun in the abdomen of the Sheriff and another took his key. Consecutive sentences for robbery and assault in the first degree were held improper,
*265 Two recent cases in California, which has a statute almost identical with section 1938, are illustrative of their treatment of separate sentences for assault and robbery. In the case of Matter of Chapman (43 Cal. 2d 385, supra) the victim was struck by defendant after he had surrendered his money to defendant, and separate sentences were sustained. In People v. Logan (41 Cal. 2d 279, 290) defendant struck his victim with a baseball bat and then took her purse. It was held that there could not be punishment for both assault and robbery.
In the case now before us the meager record will not permit us to determine precisely the acts of this defendant, e.g., whether or not the attempted robbery was incomplete before he discharged his revolver in his attempt to kill Eichter, or how much time if any elapsed between those separate acts. Only the indictment may guide us as to the acts constituting the crimes. From the plea of guilt thereto, we know that defendant admitted not only the act of attempting to rob Eichter and the assault incidental thereto, i.e., with intent to commit that felony, but also a separate act of “ aiming and discharging a loaded pistol ” at Eichter “ with intent to kill ” him.
Eobbery is defined as an “ unlawful taking or compulsion, if accomplished by force or fear * * * when committed by a person. 1. Being armed with a dangerous weapon ” (Penal Law, § 2124). A material element of assault in the first degree is either of two basic conditions in addition to the assault itself, namely: the act must be done by a person “ with an intent ” (1) “to kill a human being ” or (2) “ to commit a felony upon the person or property of the one assaulted, or of another ” (Penal Law, § 240).
Thus it will be seen that discharging a revolver with intent to kill a victim is not an essential element of the crime of robbery; and that an assault “with an intent to kill a human being ” is quite different from one with an intent “ to commit a felony ”. The latter is an element of robbery, the former is not; it is only the former that is alleged in count 14 (charging assault) of this indictment. Had he been indicted in that count for assault with intent “ to commit a felony ”, the situation would have been different.
We recognize that section 1938 is not by its terms limited to included crimes, although it is clear that the statute will there apply; If, however, the acts are separable, it will not apply. *266 Here, one single act is not the basis of the two charges; they were separable and distinct and involved two different kinds of conduct, even though arising out of the same transaction. They were so treated in the counts to which defendant pleaded guilty.
This case therefore comes within the orbit of such holdings as People ex rel. Poster v. Jackson (303 N. Y. 680, supra [involving incest and sodomy committed on the same person at the same time and place]); People v. Skarczewski (287 N. Y. 826, supra [driving while intoxicated, reckless driving,. operating a motor vehicle during suspension of driver’s license, all committed at one and the same time]); see, also, People ex rel. Kammerer v. Brophy (255 App. Div. 821, affd. 280 N. Y. 618 [practicing law without a license, and unlawfully obtaining a legal fee for the service rendered, arising out of the same transaction] ); People v. Grogan (260 N. Y. 138 [three separate acts which constitute reckless driving]); cf. People v. Repola (305 N. Y. 740, supra [feloniously selling and possessing a narcotic drug]).
Moreover, since the sentence on the assault count was made to run concurrently with the sentence on the attempted robbery count, which distinguishes the case from cases relied on by respondent, there was no multiple punishment in violation of section 1938 of the Penal Law in any event. That brings us to the second contention on this appeal, which is made both by appellants and the District Attorney.
The determination by the Appellate Division that the imposition of concurrent sentences constitutes multiple punishment in violation of section 1938, although not without seeming support in some cases, is opposed to the purpose of that statute. That erroneous view was apparently derived from a number of cases dealing with multiple count indictments. In Conkey & Herrington v. People (5 Parker Cr. Rep. 31, 37 [1860]) a statement was made in another connection that when there is a multiple count indictment, and a jury brings in a general verdict of guilty, the practice is to sentence the defendant on the highest grade of offense charged, since, if the jury wanted to avoid the imposition of the most severe sentence on the defendant, they would have so indicated. The rule was reiterated in People v. Edwards (173 App. Div. 375).
Our recent references to this rule indicate that we use it to refer to the discretion of the sentencing court to impose up to *267 the maximum penalty for the highest grade of offense (People v. Mussenden, 308 N. Y. 558, 566; People v. Florio, 301 N. Y. 46, 54). Mindful of that practice and of section 1938, it has frequently been held that a court may not impose consecutive sentences where the same act is the basis of convictions obtained on a multiple count indictment (People v. Repola, 305 N. Y. 740, supra; People v. Stein, 280 App. Div. 176, affd. 304 N. Y. 834, supra; People v. Horn, 282 App. Div. 956; People v. Valentino, 276 App. Div. 1030; Matter of Zovick v. Eaton, 259 App. Div. 585, supra; People v. Wells, 246 App. Div. 853, supra; People ex rel. Thornwell v. Heacox, 231 App. Div. 617, supra; People v. Savarese, 1 Misc 2d 305, supra; People ex rel. Richardson v. Morhous, 182 Misc. 299, supra). In the Thornwell, Zovick and Richardson cases (supra), all dealing with consecutive sentences, the courts stated that a sentencing court had the power to impose only one sentence, which could be for the highest degree of offense involved.
Our court has never specifically passed on this question. It is true that we have affirmed Appellate Division modifications of sentences which struck out concurrent or suspended sentences because they violated section 1938 (People v. Nelson, 309 N. Y. 231, supra [concurrent]; People v. Goggin, 281 N. Y. 611 [concurrent]; People v. Murphy, 281 N. Y. 611 [suspended]), but in every one of these cases the People had not appealed, and thus the question was not before us, nor did we pass on it. People v. Henderson (298 N. Y. 462, 465) merely contains a parenthetical statement that no point was made as to the effect of section 1938 on that case.
The lower courts have not adequately discussed the question either, merely relying on the language first enunciated in the Thornwell, Zovick and Richardson cases involving consecutive sentences, or citing the Goggin and Murphy cases (People v. Nowicki, 285 App. Div. 1114; People v. Plesh, 283 App. Div. 868, supra; People v. Riforgiato, 281 App. Div. 1067; People v. Motose, 277 App. Div. 1094; People v. Hutchinson, 276 App. Div. 1040; People v. Morel, 258 App. Div. 971; People v. Berry, 3 Misc 2d 984; cf. 3 Wharton on Criminal Procedure [10th ed.], § 1851).
The California courts, under the statute to which we have previously referred, take the position that the imposition of concurrent sentences where cumulative sentences could not be *268 imposed still amounts to multiple punishment. The only reason given for categorizing the concurrent sentence as punishment is that it might adversely affect the prisoner’s potential parole (People v. Craig, 17 Cal. 2d 453, 458-459; People v. Kehoe, 33 Cal. 2d 711, 716). This is hardly a valid reason, for certainly parole boards would be familiar with the scope of the conviction and its included offenses, whether or not separate sentences were pronounced thereon. As opposed to this view, the Federal cases have long recognized that the imposition of concurrent sentences does not add to the defendant’s punishment (Hirabayashi v. United States, 320 U. S. 81, 85; Brooks v. United States, 267 U. S. 432, 441; Pierce v. United States, 252 U. S. 239, 252; Maxfield v. United States, 152 F. 2d 593, 595; Fitzpatrick v. United States, 87 F. 2d 471, 472; White v. United States, 16 F. 2d 870, 871).
In New York, in People v. Fyfe (273 App. Div. 768), the opinion directed the imposition of either concurrent or suspended sentences for included offenses. People v. Florio (301 N. Y. 46, 54, supra) took a similar position. In that case concurrent sentences were imposed for kidnapping, rape and assault. In discussing the effect of section 1938 and the practice that sentence should be imposed on the count charging the highest grade of offense, it was said that the proper result was reached by the imposition of concurrent sentences. Respondent here seeks to limit the Florio case to cover separate transactions only. Such a holding may not be gleaned from the case. Whether or not the kidnapping and rape are regarded as separate, the fact remains that there can hardly be any basis for finding the assault a separate transaction.
Respondent concedes that the practice of imposing concurrent sentences for included crimes is not uncommon in the courts. To say now that it may not be done would cloud countless sentences and invite innumerable pointless applications. As already noted, and as the Appellate Division recognized, the United States courts sanction this practice, although it is true that there is no Federal counterpart of our section 1938. But section 1938 does not forbid convictions nor concurrent sentences as such — only punishment. When the shorter sentence runs concurrently with the longer, there is no punishment for the shorter; it does not inflict upon a defendant any additional restraint or detention. He is expressly protected by subdivision *269 3 of section 1941 from having the offenses count cumulatively in determining his status as a multiple offender. The claim of possible detriment to a defendant in a subsequent case of having a long list of sentences is not valid. If the California practice were to be adopted, then there would nevertheless be a recital of all the defendant’s criminal acts in a single sentence. In any event, the conviction of the relator here for assault in the first degree must stand; there is no issue as to its validity; the defendant pleaded guilty. All that is at issue is his proper sentence. Removal of a concurrent sentence from his record will in no way remove the mark or dim the fact of relator’s conviction of the crime of assault with intent to kill.
Another important factor should not be overlooked. Where a criminal act which is a composite of several included offenses is followed by a multiple count indictment, and convictions are obtained on more than one count, the imposition of concurrent sentences for lesser included offenses insures that the defendant will not go unpunished if there is an error in his conviction for the highest degree of offense resulting in an acquittal as to that count.
It is clear that the problem before us may not very readily be solved halfway. Either a defendant may or may not be prosecuted to a final judgment for several related crimes in a single indictment. Were a prosecutor required to elect on which crime to proceed, the problem would be solved at the outset. New York, however, has chosen to provide otherwise.
Section 279 of the Code of Criminal Procedure authorizes the joinder of related crimes in separate counts in a single indictment. Section 279-a expressly provides that “ the people shall not be required to elect between the counts of any indictment ’ ’ except in the court’s defined discretion. Our courts have so held (People ex rel. Prince v. Brophy, 273 N. Y. 90; People v. Sullivan, 173 N. Y. 122). There necessarily results, in the ordinary case, a conviction or an acquittal. Where a conviction follows, section 471 of the Code of Criminal Procedure mandates the pronouncement of judgment, so that the verdict or plea of guilty may not be left in a state of suspended animation. Section 2190 (subd. 4) of the Penal Law authorizes the imposition of separate consecutive or concurrent sentences. Section 1938 forbids multiple punishment, not multiple convictions, or sentences that do not spell punishment. When concurrent sentences are *270 imposed, there is no double punishment — there is a single punishment measured by ’the sentence for the highest grade offense into which all concurrent sentences merge. In other words, in the language of section 1938, defendant is punished under “ one of those provisions, but not under more than one ”. Any other view is unrealistic. It will thus be seen that this result is consistent with the provisions of our Code of Criminal Procedure and the Penal Law, and fulfills the legislative intent therein expressed. It does not leave an admittedly valid conviction without a judgment thereon, and thus complies with section 471 of the Code of Criminal Procedure and our holding in Matter of Hogan v. Bohan (305 N. Y. 110, 112): “But pronounce judgment, impose sentence, it [the court] must ”.
Accordingly, the order of the Appellate Division should be reversed and that of Special Term reinstated.
Conway, Ch. J., Desmond, Dye, Fund, Van Voorhis and Burke, JJ., concur.
Order reversed, etc.