Bergan, J.
(dissenting). The event from which two separate crimes have been spelled out resulting in consecutive sentences, as established on appellant’s trial, was a unified act. Entering a building with others for the purpose of robbery, defendant shot the victim as a part of the circumstance by which the robbery was frustrated, i.e., by the victim’s firing a shot.
This flowing and unbroken event ought not to be segmented into crimes for which separate and consecutive sentences are imposed. Section 1938 of the Penal Law has been said to embody, and even to extend, the constitutional protection against double jeopardy (see People v. Snyder, 241 N. Y. 81, 83).
*175 The new indictment found after defendant’s conviction for first degree assault committed by shooting in the course of an attempted robbery, charges attempted robbery, first degree, under four separate theories, all arising out of the same event.
The fourth count charges the crime upon the theory of fear created in the victim being armed with a dangerous weapon the fifth count charges the same crime on the theory that defendant was ‘ ‘ assisted by accomplices actually present ’ ’; the sixth count that defendant was “ aided by the use of an automobile ’ ’ and the seventh count on the theory that ‘‘ having afflicted grievous bodily harm and injury ” the attempt to rob was made.
All of these counts related to the same act; and the sixth count makes it clear how much the assault was a basic and inseparable ingredient to the fear caused in the attempted robbery. For the purpose of adding cumulative punishment, the unitary nature of the crimes ought not be avoided by picking out the fifth count (being assisted by accomplices present) as a vehicle for a consecutive sentence on defendant’s plea. We should take a broader view than this of section 1938.
The test of what is the same “act” made punishable in “ different” ways is not always clear and some of the cases are difficult to reconcile. But one significant criterion is a recognizable differential in the time sequence — one thing done before the next thing starts.
This was the standard set in People v. Snyder (supra) which treated the breaking into the chicken coop as a burglary separate from the larceny thereafter committed in stealing 30 chickens (pp. 82, 83).
The court’s analysis of sequential acts is significant: “ There can be no double jeopardy if the Legislature has seen fit to provide that up to a particular point the acts of the defendant constitute one crime and that the acts of the defendant, committed thereafter, constitute a second crime and that each series of acts constituting a separate crime are subject to separate punishment” (pp. 83-84).
It is interesting to notice the development of the concept of time involved by the expressions ‘ ‘ up to a particular point ’ ’ and “ thereafter ” in Judge Lehman’s opinion. A similar emphasis on sequential time differential in meeting the test *176 of the “same” and “different” acts is to be observed in People ex rel. Maurer v. Jackson (2 N Y 2d 259), which, although it was a habeas corpus proceeding in which there was limited access to the trial record, and there was a heavily stressed absence of consecutive sentences, has become a leading modern interpretation of section 1938 of the Penal Law.
It was noted by Judge Froessel that the meager record in Maurer did not “ permit ” the court to “ determine precisely ” whether or not the attempted robbery was “ incomplete before ” the relator ‘‘ discharged his revolver in his attempt to kill ’ ’ the victim; or how much time ‘ ‘ elapsed between ’ ’ those separate acts (p. 265).
Looking at the face of the indictment and the record of the pleas, and without being able to determine precisely the time sequence, the court took it that they were separable. Maurer, therefore, ought not be read as sustaining the consecutive sentences imposed in the case now before us.
We are not left in doubt in this appeal from the judgment of conviction as to Avhat the record on the prior trial of the assault showed. It did shoAv, in the words of Maurer (p. 265), that the ‘ ‘ attempted robbery was incomplete before ’ ’ defendant discharged his revolver.
There was here no time sequential to make for a separation; rather the event which made the attempt was integral Avith the assault. Hence it falls wthin the “ single inseparable act violative of more than one statute ” which, under Maurer, could incur a “single punishment” (p. 264; emphasis in original). Moreover, the decision in that case clearly is addressed to a situation AAdiere concurrent sentences have been imposed and not to a case of consecutive sentences.
The trend of authority in New York indicates that a robbery and the violence of an assault which is an ingredient to the fear in robbery are not punishable separately. The problem Avas squarely met in Matter of Zovick v. Eaton (259 App. Div. 585) where Judge Foster, writing for the Appellate Division, noted that ‘ ‘ An examination of the evidence taken on the trial indicates that petitioner committed no assault except that which was involved as an element of robbery. He held up four people by pointing a loaded revolver at them, and then he and his codefendant robbed them. The acts of robbery and *177 of assault were all part of a single transaction” (p. 586). The order was reversed and mandamus granted.
In People ex rel. Thornwell v. Heacox (231 App. Div. 617) it was held that separate punishment could not be imposed for assault, second degree, committed as a part of robbery, first degree, and People v. Wells (246 App. Div. 853) is to the same effect. In part the Zovick and Thornwell decisions are based on the additional consideration that the requirement, noted in People v. Florio (301 N. Y. 46, 54), that where there is a general verdict on several counts of an indictment arising from the same transaction the practice is to pass judgment on the highest grade of offense, but that the principle should be applicable as well to this case.
There are, of course, cases in which crimes have been looked at as so separable as to permit separate punishment (People ex rel. Poster v. Jackson, 303 N. Y. 680; People ex rel. Kammerer v. Brophy, 280 N. Y. 618; People v. Skarczewski, 287 N. Y. 826; People v. Plesh, 283 App. Div. 868); and cases when they have not been regarded as thus separable (People v. Repola, 305 N. Y. 740; People v. Pauley, 281 App. Div. 223, 229; People v. Valentino, 276 App. Div. 1030; and People v. Morel, 258 App. Div. 971).
But these distinctions turned upon the differing nature of the offense or of the degree charged. California has a statute similar to New York’s. It, too, has been construed to prevent multiple punishment from being imposed on assaults and robberies treated as separate entities. (People v. Logan, 41 Cal. 2d 279; People v. Galvin, 148 Cal. App. 2d 285).
The judgment should be reversed.
Judges Dye, Van Voorhis, Burke and Scileppi concur with Chief Judge Desmond; Judge Bergan dissents in a separate opinion in which Judge Fuld concurs.
Judgment affirmed.