THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT MOLL, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN CLOSTER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM STANBRIDGE, Appellant.— Appeal by defendants from judgments of the Supreme Court, Nassau County, rendered January 5, 1962, after a joint jury trial. Defendant Robert Moll was convicted and sentenced as follows: (1) murder in the first degree committed while engaged in the commission of a felony — life imprisonment, (2) murder in the second degree — 40 years to life, to run concurrently with the sentence for murder in the first degree, (3) robbery in the first degree — 15 to 30 years, to run consecutively with the sentences imposed on the murder counts, (4) grand larceny in the first degree — 5 to 10 years, (5) assault in the first degree against Raymond Tichelaar — 5 to 10 years, (6) assault in the second degree against Raymond Tichelaar — sentence suspended, (7) assault in the first degree against Frank Gagliardi — 5 to 10 years, and (8) assault in the second degree against Frank Gagliardi — suspended sentence. The separate 5 to 10 year sentences imposed on the larceny and two assault in the first degree counts were to run concurrently with the sentence imposed on the robbery count (15 to 30 years). Codefendants John Closter and William Stanbridge were each convicted and sentenced to the Elmira Reception Center pursuant to article 3A of the Correction Law, as follows: (1) manslaughter in the first degree — 10 to 20 years, (2) robbery in the first degree — 15 to 30 years, (3) grand larceny in the first degree — 5 to 10 years, to run concurrently with the sentence for robbery, (4) assault in the first degree against Raymond Tichelaar — 5 to 10 years, (5) assault in the second degree against Raymond Tichelaar — sentence suspended, (6) assault in the first degree against Frank Gagliardi — 5 to 10 years and (7) assault in the second degree against Frank Gagliardi — sentence suspended. The sentences imposed on the manslaughter (10 to 20 years), robbery (15 to 30 years), and two assault in the first degree (5 to 10 years) counts were to run consecutively. By order of this court, dated December 21, 1964 (*People* v. *Moll,* 22 A D 2d 921) this action was remitted to the trial court for a Huntley type hearing to determine the voluntariness of defendants' confessions pending which the appeals have been held in abeyance. The prescribed hearing was held and resulted in a finding that defendants' confessions were voluntary beyond a reasonable doubt. The trial court made an order thereon, entered June 11, 1965. With respect to defendant Moll, judgment affirmed. With respect to defendants Closter and Stanbridge, judgments modified, on the law, so as to make the sentences imposed for assault in the first degree run concurrently, not consecutively, with that imposed for robbery. As so modified, judgments affirmed. Findings of fact are affirmed. Order of June 11, 1965 affirmed. The evidence is beyond dispute that defendants had already robbed and tied the employees of Food Fair Supermarket and had cleaned the safe, when they were confronted in the parking lot more than 100 yards from the store by the deceased patrolman. They had loot, disguises, and one of them had a sawed-off double-barreled shot gun with which the officer was assassinated. Fleeing of defendants with the loot in their possession warranted the conviction on the felony murder count (*People* v. *Moran,* 246 N. Y. 100, 103) and distinguishes the present facts from those in *People* v. *Marwig,* 227 N. Y. 382, 385). The conviction of defendants Closter and Stanbridge for manslaughter in the first degree is fully justified by a finding that they all agreed to commit assaults against any one who stood in their way, but participated as accomplices in the homicide without intent to kill (see *People* v. *Monaco,* 14 N Y 2d 43). In any event, we need not

interfere with the extension of mercy by the jury to those defendants who had not fired the fatal shots where the verdicts are fully supported by the evidence (*People* v. *Cohen*, 223 N. Y. 406; *People* v. *Sciascia*, 268 App. Div. 14, affd. 294 N. Y. 927; *People* v. *Chapman*, 16 A D 2d 703). However, the assaults on Tichelaar and Gagliardi, the Food Fair employees, were lesser included offenses in the count for robbery in the first degree on which all were convicted. Imposition of sentence to be served for said assaults after completion of sentence for the robbery is beyond the court's power (*Matter of Zovick* v. *Eaton*, 259 App. Div. 585; *People* v. *Wells*, 246 App. Div. 853; *People ex rel. Richardson* v. *Morhous*, 182 Misc. 299; see *People ex rel. Maurer* v. *Jackson*, 2 N Y 2d 259, 264). It is permissible with respect to lesser included offenses to impose sentence to run concurrently with that imposed for the higher offense. That is opposed to the improper practice of imposing sentence on each degree of a crime committed once against the same victim (see *People* v. *Leonti*, 20 A D 2d 899). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.