■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD JOHNSON, Appellant, v. HAROLD W. FOLLETTE, WARDEN, GREEN HAVEN PRISON, Respondent. — Judgment of the Supreme Court, Dutchess County, dated December 6, 1967, affirmed, without costs. No opinion. Beldock, P. J., Rabin and Martuscello, JJ., concur; Benjamin and Munder, JJ., dissent and vote to reverse the judgment, sustain the writ, and remand the case for resentence. On a plea of guilty, relator was convicted of robbery in the first degree, grand larceny in the first degree, assault in the second degree and possession of a dangerous weapon as a felony. On March 31, 1965 he was sentenced (in New York County), as a second felony offender, to 4 to 8 years on the grand larceny count, 2½ to 5 years on the assault count and 3½ to 7 years on the weapon count. The grand larceny and assault sentences were to run consecutively and the weapon sentence concurrently. Sentence was suspended on the robbery count. Where there is a single, inseparable act violative of more than one statute, there can only be single punishment (Penal Law, § 1938). With the crimes of assault and robbery, it has been held that the act which constitutes the element of force in the robbery may not be made the basis of consecutive punishment for assault (*Matter of Zovick* v. *Eaton,* 259 App. Div. 585). As the Court of Appeals mandated in *People ex rel. Maurer* v. *Jackson* (2 N Y 2d 259), only the indictment may be the guide as to the acts constituting the crimes where defendant has pleaded guilty and there has been no trial. Thus, the instant relator admitted the unlawful taking of property in excess of $100 from a person against his will, by means of force and violence and fear of immediate injury to his person, being armed at the time with a dangerous weapon, a knife, and aided by an accomplice actually present. By his plea of guilty to the grand larceny charge he admitted the unlawful taking of the property, one element of the robbery count. By his plea of guilty to the assault charge, he admitted an assault with intent to commit the crimes of grand larceny and robbery, another element of the robbery count. There is nothing in this record to show that the assault was an independent act occurring after the robbery had been completed (cf. *Matter of Chapman,* 43 Cal. 2d 385). Grand larceny and assault with the intent to commit grand larceny and robbery are both necessary elements of the crime of robbery in the first degree. To sentence relator to consecutive sentences for the included acts of grand larceny and assault constitutes double punishment and is improper.