Daniel G. Albert, J.
On April 21,1969, the relator was convicted in the Nassau County Court of one count of grand larceny in the third degree, a class E felony (Penal Law, § 155.30), and one count of forgery in the third degree, a class A misdemeanor (Penal Law, § 170.05), on the basis of his prior plea of guilty. He was sentenced, on each count, to imprisonment in the Nassau County Jail for a period of one year, said terms to be served consecutively.
In this proceeding instituted by a writ of habeas corpus, the relator contends that the imposition of consecutive rather than concurrent terms of imprisonment was unlawful, and that, since his first one-year sentence expired on September 18, 1969, his continued detention in the Nassau County Jail is illegal.
The indictment under which relator pleaded guilty contained nine counts. In substance, it charged that on November 18, 1968, the relator had falsely drawn four checks, all on the same bank account and to the order of the same payee (each of the checks being the basis for one count of forgery in the second degree [Penal Law, § 170.10] and one count of criminal possession of a forged instrument in the second degree [Penal Law, § 170.25]), and that he had received from the payee named in the purported checks property and cash having an aggregate value of more than $250 (the basis of the single count of grand larceny in the third degree [Penal Law, § 155.30, subd. 1]).
Relator contends that since both of the offenses to which he pleaded guilty arose from the same transaction, the issuance of a forged instrument and the receipt of value therefor, the court lacked power to impose consecutive terms of imprisonment.
The relator relies principally upon subdivision 2 of section 70.25 of the Penal Law which provides as follows:11 When more than one sentence of imprisonment is imposed on a person for *24 two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences must run concurrently. ’ ’
What constitutes a “ single act or omission ” within the meaning of the quoted provision has been the subject of several recent decisions, not all of which can be easily reconciled.
The most frequently cited decision is People ex rel. Maurer v. Jackson. (2 N Y 2d 259). Although the issue in that case was whether concurrent sentences for assault in the first degree and attempted robbery in the first degree constituted double punishment violative of section 1938 of the former Penal Law, the analysis in the court’s opinion has relevance to the issue at bar: “If separate and distinct acts were committed, and * * * they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction * * * [but] if there were merely a single inseparable act violative of more than one statute, or * * * an act which itself violated one statute and was a material element of the violation of another, there would have to be single punishment ” (People ex rel. Maurer v. Jackson, 2 N Y 2d 259, at p. 264).
In reaching that interpretation of the former statute, the court relied on and cited with approval prior cases holding that consecutive sentences were improper where defendant used a loaded revolver to detain his victims while he robbed them, and was subsequently convicted of both robbery and assault with a deadly weapon (Matter of Zovick v. Eaton, 259 App. Div. 585; People ex rel. Thornwell v. Heacox, 231 App. Div. 617), or where, with no intent to kill, the defendant fired a gun injuring one whom he was in the act of robbing and was subsequently convicted of robbery and assault in the second degree (People ex rel. Richardson v. Morhous, 182 Misc. 299), or where, during an escape from prison, one of several inmates held a gun on a Deputy Sheriff while another took the keys from his pocket and the escapees were later convicted of robbery and assault, both in the first degree (People v. Wells, 246 App. Div. 853).
More recently, it has been held that separate sentences imposed' upon convictions for attempted robbery and conspiracy to commit the same act of robbery (People v. Birmingham, 16 N Y 2d 984) and for attempted extortion and conspiracy to commit the same act of extortion (People v. Mancuso, 22 N Y 2d 679) and for attempted rape and assault with intent to commit rape (People v. Christman, 23 N Y 2d 429) were required to be concurrent rather than consecutive. There is, however, a *25 holding that consecutive sentences may be imposed upon convictions for unlawful entry and petit larceny arising from the defendant’s act of breaking and entering an apartment and stealing personal property from the apartment (People v. Baker, 19 N Y 2d 982 [three Judges dissenting]).
Attempting to apply the rationale of these decisions to the case at bar, it is the opinion of this court that the imposition of consecutive sentences upon the relator herein did, in fact, violate subdivision 2 of section 70.25 of the Penal Law. The forged check, reproduced in the indictment, bears the relator’s own name and purports to he drawn on a joint account maintained by relator and his wife, whose names are printed on the check. The single act that made the relator guilty of forgery was drawing the check without funds on deposit in such account to pay the check. That same act made relator guilty of larceny when he received property and money from the payee in exchange for the worthless check.
In opposition to the writ, the District Attorney relies on People ex rel. Gallo v. Warden (32 A D 2d 1051). In that proceeding, however, the holding that the imposition of consecutive sentences for conspiracy to commit extortion and attempted extortion did not entitle the relator therein to relief was expressly predicated upon the finding, which the court felt was implicit in the earlier affirmance of the relator’s conviction on appeal to the Appellate Division, First Judicial Department (People v. Gallo, 19 A D 2d 620), that the relator’s conduct constituted separate and distinct acts. In the habeas corpus proceeding, the court held that that finding could not be re-examined (cf. People v. Mancuso, 22 N Y 2d 679, supra).
There is further ground for sustaining the writ herein. Subdivision 3 of section 70.25 of the Penal Law provides: “ Where consecutive definite sentences of imprisonment are not prohibited by subdivision two of this section and are imposed on a person for offenses which were committed as parts of a single incident or transaction, the aggregate of the terms of • such sentences shall not exceed one year.”
Here, clearly, the relator’s criminal conduct, the acts constituting forgery and grand larceny, were committed as parts of a single transaction. Therefore, even if the court had authority to impose consecutive sentences, the aggregate of the terms imposed was limited to one year.
Accordingly, for the reasons stated herein, the writ is sustained and a judgment shall issue directing that the relator be discharged from custody forthwith.