Bernard S. Meyer, J.
Relator seeks his release on habeas corpus. On January 22, 1969, he pleaded guilty to a charge of drunken driving (Vehicle and Traffic Law, § 1192, subd. 2) and a second charge of driving without a license (Vehicle and Traffic Law, § 501, subd. 4, par. a) and was sentenced to imprisonment for one year on each charge, to run consecutively. The People concede that with time off for good behavior, his first sentence expired on October 31, 1969, and that he could not have been sentenced on the section 501 charge to more than 90 days (it being conceded by relator that this was his second such conviction within 18 months) (Vehicle and Traffic Law, § 1801). Relator contends that under subdivision 3 of section 70.25 of the Penal Law the maximum sentence that could be imposed on both charges was one year and that he is entitled to be discharged now; the People urge that he be remanded to the District Court for resentence on the section 501 charge. The writ is sustained and relator ordered discharged.
Section 70.25 of the Penal Law provides, in subdivisions 2 and 3, as follows:
“ 2. When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences must run concurrently.
“ 3. Where consecutive definite sentences of imprisonment are not prohibited by subdivision two of this section and are imposed on a person for offenses which were committed as parts of a *692 single incident or transaction, the aggregate of the terms of snch sentences shall not exceed one year.”
The crucial distinction between the two subdivisions lies in the use in subdivision 2 of the phrase “ single act or omission ” and in subdivision 3 of the phrase ‘ ‘ single incident or transaction ’ ’. That they are not synonymous is evident from the fact that subdivision 2 was based upon the Court of Appeals decision in People ex rel. Maurer v. Jackson (2 N Y 2d 259.) (See Proposed New York Penal Law 1964 [McKinney’s Spec. Pamphlet], pp. 292 and A-36; Revised Penal Law 1967 [McKinney’s Spec. Pamphlet], p. 264). In that decision a clear distinction was drawn between an “ act ” and a “ transaction “It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction ” (2 N Y 2d, at p. 264), “Here, one single act is not the basis of the two charges; they were separable and distinct and involved two different kinds of conduct, even though arising out of the same transaction,” (2 N Y 2d, at p. 266). It follows, therefore, that because driving while intoxicated and driving without a license when committed at one and the same time are separate acts, they will support separate sentences (People v. Skarczewski, 287 N. Y. 826) but that when they are committed at the same time they are part of one transaction and because of the new legislative policy announced in subdivision 3 of section 70.25 will not support sentences exceeding in the aggregate one year.
That the foregoing is the correct interpretation of subdivision 3 is evident from the Commission Staff Notes on the provision, which was then subdivision 3 of section 30.25, appearing in Proposed New York Penal Law 1964 (McKinney Spec. Pamphlet) on pages 292 to 293, and reading as follows:
“ Subdivision three is designed to cover cases where consecutive definite sentences are imposed for offenses committed by separate acts, but perpetrated in a single incident or transaction. An example of this would be a case where a person who is driving without a license leaves the scene of an accident without reporting. Such a case would result in convictions for two class A misdemeanors (Vehicle and Traffic Law, § 501 subd. 10; § 600). The crimes are not such as would be covered by the provisions of subdivision two, supra, and, hence, under existing law, consecutive sentences aggregating two years could be imposed. Another example would be where a person who is trespassing upon fenced-in real property (a class B misdemeanor, § 145.10) assaults the owner (a class A misdemeanor, § 125.00) and mali *693 ciously destroys the fence (a class A misdemeanor, § 150.00). Here, although the entire transaction may have occurred in the course of five minutes or less, the aggregate sentence that could be imposed without this limitation would be two years and three months.
‘ ‘ In view of what has been noted with respect to definite sentence imprisonment (see comments to § 30.15), the proposed subdivision limits the aggregate term of consecutive definite sentences imposed in such cases to one year. The principle is limited to offenses perpetrated during a single incident or transaction, because its extension to unrelated offenses would be inconsistent with the use of the sentence as a deterrent.”
Settle on 24 hours ’ notice, judgment discharging relator from custody.