Frank Composto, J.
This is an application for resentence.
The defendant was indicted on a five-count indictment charging burglary in the second degree, possession of weapons, two separate and distinct counts of menacing, and criminal possession of a dangerous drug in the sixth degree.
After trial, before a jury, he was convicted of two counts of menacing (Class B misdemeanors) and one count of criminal possession of a dangerous drug in the sixth degree (a Class A misdemeanor). He was acquitted of the two other counts.
On April 30, 1971 this court imposed a three-month definite sentence on each of the two menacing convictions to run concurrently with each other, and imposed a one-year definite sentence on the drug conviction to run consecutively to the sentences imposed on the menacing convictions. The defendant claims “that all sentences under the one indictment should have run concurrent as they were all stemming from one arrest.” Further defendant argues that he has been placed in double jeopardy as the result of the court imposing consecutive sentences instead of concurrent sentences.
Section 70.25 of the Penal Law provides in subdivisions 2 and 3 as follows:
*377 ‘ ‘ 2. When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and álso was a material element of the other, the sentences must run concurrently.
‘ ‘ 3. Where consecutive definite sentences of imprisonment are not prohibited by subdivision two of this section and are imposed on a person for offenses which were committed as parts of a single incident or transaction, the aggregate of the terms of such sentences shall not exceed one year. ’ ’
In People ex rel. Harris v. Maher (61 Misc 2d 691, 692) the court in analyzing the quoted sections stated: ‘ ‘ The crucial distinction between the two subdivisions lies in the use in subdivision 2 of the phrase ‘single act or omission’ and in subdivision 3 of the phrase ‘ single incident or transaction ’. That they are not synonymous is evident from the fact that subdivision 2 was based upon the Court of Appeals decision in People ex rel. Maurer v. Jackson (2 N Y 2d 259). (See Proposed New York Penal Law 1964 [McKinney’s Spec. Pamphlet], pp. 292 and A-36; Revised Penal Law 1967 [McKinney’s Spec. Pamphlet], p. 264.) In that decision a clear distinction was drawn between an ‘ act ’ and a ‘ transaction ’: 1 It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction ’ (2 N Y 2d, at p. 264). ‘ Here, one single act is not the basis of the two charges; they were separable and distinct and involved two different kinds of conduct, even though arising out of the same transaction, ’ (2 N Y 2d, at p. 266). It follows, therefore, that because driving while intoxicated and driving without a license when committed at one and the same time are separate acts, they will support separate sentences (People v. Skarczewski, 287 N. Y. 826) but that when they are committed at the same time they are part of one transaction and because of the new legislative policy announced in subdivision 3 of section 70.25 will not support sentences exceeding in the aggregate one year.”
In People ex rel. Fitzgerald v. Maher (61 Misc 2d 22, 24-25) the court reviewed the more recent holdings of the Court of Appeals with respect to concurrent sentences as compared to consecutive sentences: ‘ ‘ More recently, it has been held that separate sentences imposed upon convictions for attempted robbery and conspiracy to commit the same act of robbery (People v. Birmingham, 16 N Y 2d 984) and for attempted extortion and conspiracy to commit the same act of extortion (People *378 v. Mancuso, 22 N Y 2d. 679) and for attempted rape and assault with intent to commit rape (People v. Christman, 23 N Y 2d 429) were required to be concurrent rather than consecutive. There is, however, a holding that consecutive sentences may be imposed upon convictions for unlawful entry and petit larceny arising from the defendant’s act of breaking and entering an apartment and stealing personal property from the apartment (People v. Baker, 19 N Y 2d 982 [three Judges dissenting]). ”
The court held in the Fitzgerald case that the one act of drawing a check without funds on deposit constituted the crime of forgery. That same act also made the defendant guilty of larceny when he received property and money from the payee in exchange for the worthless check. Therefore, consecutive sentences violated subdivision 2 of section 70.25 of the Penal Law.
In the case at bar subdivision 2 is not involved since the two offenses, namely, menacing (2 counts) and unlawful possession of drugs, were not committed through 1 ‘ a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other. ’ ’
In People v. Gallo (19 A D 2d 620) the court sustained the consecutive sentence of the defendant for the crimes of conspiracy to commit extortion and attempted extortion on the ground that the defendant’s action constituted separate and distinct acts. In the instant case defendant was convicted of two counts of menacing and one count of unlawful possession of drugs. Here, the acts necessary for the commission of the two menacing charges were separate and distinct from the acts necessary for the drug charge, and involved two entirely different kinds of conduct. The language used in People ex rel. Maurer v. Jackson (2 N Y 2d 259, 264) is appropriate here: “ It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction * * * [but] if there were merely a single inseparable act violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single punishment ”.
Hence, the concurrent sentences on the two counts of menacing were proper under the latter language and pursuant to subdivision 2 of section 70.25, although it is not an issue here, and consecutive sentence as to the drug charge, to commence after the menacing sentence has been served, is proper since separate and distinct acts were involved.
*379 It is the opinion of this court that subdivision 3 of section 70.25 does not apply to a situation where unrelated misdemeanor crimes are charged, e. g., menacing (2 counts) and unlawful possession of drugs.
The testimony showed that the incident or transaction for which the defendant was first arrested was the burglary second degree, the possession of the weapons and the two counts of menacing.
After defendant’s arrest and during a lawful search of his person, evidence of another totally unrelated crime, namely, possession of drugs, was uncovered. This crime was not part of the incident or transaction, in any way, which involved the crimes for which he was originally arrested.
The Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 39) after section 70.25, when discussing subdivision 3, states in part: “ The rule [aggregate of 1 year sentence] is limited to offenses perpetrated during a single incident or transaction, because its extension to unrelated offenses would be inconsistent with the use of the sentence as a deterrent.” (Italics supplied.)
With respect to defendant’s second claim, defendant states: “In the event several sentences are imposed and they are incorporated in one arrest or stem from the same crime and do not run concurrent but consecutive * * * [this constitutes] double jeopardy.” This claim of double jeopardy is devoid of merit or legal reason. The doctrine of double jeopardy is not applicable. The defendant was tried but once. Double jeopardy involves a “ second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted.” (Code Grim. Pro., § 9) or being “ twice put in jeopardy for the same offense” (N. Y. Const., art. I, § 6), or “ for the same offense to be twice put in jeopardy of life or limb” (TI. S. Const., 5th Arndt.). Additionally, section 70.25 of the Penal Law expressly permits the court to impose either concurrent or consecutive sentences.
The defendant’s claim of “ double jeopardy ” may possibly refer to a claim of “ double punishment ”. In People ex rel. Pugach v. Mancusi (33 A D 2d 974) defendant was sentenced to consecutive terms for burglary second degree and maiming. Defendant therein claimed that the sentences should have been concurrent and that he was subjected to double punishment in violation of section 1938 of the Penal Law, which is the predecessor of section 70.25. The court denied his application. Similarly, that contention was also raised and denied in People ex *380 rel. Maurer v. Jackson (supra). In the case at bar, defendant was convicted of section 120.15, menacing, and of section 220.05, unlawful possession of drugs in the sixth degree. Punishment for both sections is proper under section 70.25.
Accordingly, defendant’s application is denied. The clerk of this court is directed to submit an order to this effect and serve a copy thereof together with a copy of this memorandum upon the defendant at his place of confinement.